(134 So. 98)

HANSON v. LIBERTY CONST. CO. et al.

No. 3821.

March 30, 1931.

W. E. Couvillon, of Marksville, for appellant.

Joffrion & Bordelon, of Marksville, and Milner & Porteous, of New Orleans, for appellees.

OVERTON, J.

The purpose of this suit is to recover judgment against the Liberty Construction Company, of Detroit, Mich., the town of Bunkie, and the Fidelity & Deposit Company, in solido, for the sum of $4,403.42, with legal interest thereon from November 30, 1928, and for the further sum of $2,500, with legal interest thereon from August 20, 1928, together with 10 per cent. attorney's fees.

To this demand there were filed by the town of Bunkie and the Fidelity & Deposit Company exceptions of vagueness, prematurity, and no cause of action. The exceptions were tried on the face of the petition. The exception of prematurity was sustained, and plaintiff's suit was dismissed. The remaining exceptions were not decided. In this court the exception of no cause of action has been filed anew.

The litigation is the outcome of a contract, entered into by the Liberty Construction Company with the town of Bunkie, on September 8, 1926, to construct a sewerage system for the town. Under this contract, the Liberty Construction Company, as required by Act No. 224 of 1918, furnished a bond for $72,000, with the Fidelity & Deposit Company, as surety, for the faithful performance of the contract, and for the payment by the contractor and by all subcontractors for all work done, labor performed, or material furnished in the construction of the work, called for by the contract. The bond and the contract were duly recorded in the mortgage records of the parish of Avoyelles.

On June 18, 1928, the Liberty Construction Company, after having done a part of the work, employed plaintiff, as appears from the petition, "to take charge of said work of construction of said sewerage system, manage the same, supervise and direct the working force thereof, purchase the supplies and material therefor, and place same upon the work in accordance with the plans of the engineer of said town, in fact to do and perform any and every act and thing necessary in the fulfillment of the contract of said Liberty Construction Company with said town of Bunkie."

The compensation that plaintiff was to receive from the Liberty Construction Company, under his contract of employment, as appears from the petition, was one-half of the retained percentage on the work already completed,

which, at the date of the employment, was due the Liberty Construction Company by the town of Bunkie, and was then in the hands of the town, which, after deducting certain outstanding indebtedness, amounted, it is alleged, to $9,706.85, one-half of which amount plaintiff was to receive, under his contract, in part payment of his services.

In addition to the foregoing one-half, plaintiff was to receive, as appears from the petition, one-half of the profits, to be earned on the balance of the contract. Plaintiff received nothing under this provision, although it appears there was paid out of the work, on debts due by the Liberty Construction Company, not included in the contract with plaintiff, $1,500, one-half of which plaintiff claims he is entitled to under his contract.

The two items, consisting of plaintiff's alleged one-half of the retained percentage, and his alleged one-half of the foregoing payment, added together, make the sum of $5,603.42, claimed by plaintiff, under his contract, for services rendered, without deducting a certain credit. However, from this amount, there must be deducted $1,200, which the petition shows plaintiff received from payments made on the work by the town of Bunkie to the Liberty Construction Company, which leaves the sum of $4,403.42; this being one of the amounts for which plaintiff sues.

At the time of plaintiff's employment, as appears from the petition, it was agreed by him and the Liberty Construction Company that he would advance to the company one-half of such sum as would be found necessary to proceed with the work, the company to supply the other half. It appears that it was found necessary to raise $5,000 for that purpose, whereupon plaintiff advanced to the company $2,500, which was used by it in paying the force employed, and in purchasing material, for which

the company executed its 60-day note, bearing 5 per cent. interest from maturity, and containing the usual clause of 10 per cent. attorney's fees. This advance, by plaintiff, constitutes the remaining amount for which he sues.

Plaintiff, according to the petition, rendered his services to the Liberty Construction Company until the failure and refusal of the company to furnish the necessary funds to continue the work, when he was forced to terminate his services, at which time the work was nearly completed. The work, however, it is alleged, upon information received, in article 9 of the petition, was completed by the town at small expense to itself, but that the town refuses to pay plaintiff the retained percentage on hand, because it claims that the Liberty Construction Company owes debts upon the work sufficient in amount to absorb the percentage, which position, it alleges, is not well founded in fact.

The petition then alleges, in article 11 thereof, that the construction of the sewerage system was completed and the work accepted by the town, on January 15, 1929, and that the acceptance was duly recorded in the mortgage records. However, on the day the exceptions were tried, the allegation of completion and acceptance, contained in article 11, was corrected by an amendment, showing that the allegation was made by inadvertence, and that the sewerage system was not completed on January 15, 1929, but was then still incomplete, and that, instead of the completion and acceptance of the work on that date, the town notified the Liberty Construction Company, on January 16, 1929, that the company had defaulted on the contract, and that, on the same day, the town recorded evidence of the default in the mortgage records.

The exception of prematurity rests upon the

ground that it does not appear from plaintiff's petition that the work had been completed and accepted, the existence of which facts, it is urged, are necessary to make plaintiff's compensation, under his contract, demandable.

The object in retaining a certain percentage of the installments, paid on a work during the course of construction, is to create a temporary fund to insure all the better the payment of claims against the work, and to enable better the owner, or the surety, in the event of necessity, to complete the undertaking. To require the owner to pay anything out of that fund before the completion and acceptance of the improvement, or before the arrival of the time for the release of the fund, would defeat the very object that the contracting parties had in view in creating the fund, and would impair the security of the surety and the creditors. Plaintiff and the Liberty Construction Company were aware of this when they agreed that a part of plaintiff's compensation should be one-half of the retained percentage on hand and in the possession of the town, subject to certain deductions, at the time plaintiff and the company entered into their contract, and therefore it must be held that they contemplated, in their contract, that this part of the consideration should not be payable, until it became payable to the Liberty Construction Company, which by all reasonable inference was not before the completion and acceptance of the work.

In his original petition, plaintiff, as we have said, alleged that the work was completed, accepted, and the acceptance recorded, on a specified date, but this allegation was destroyed by the amendment, showing that the allegation was made in error, and that the work had not then been completed and accepted. Therefore there is no allegation in the petition, upon the face of which the exception

was tried, showing the completion and acceptance of the work, unless it be in an allegation contained in a preceding article, showing, in general terms, that the work, at some unstated time, was completed by the town. However, that allegation, which was not, at least, specifically amended, was evidently made under the erroneous belief that influenced the making of the specific allegation which succeeds it, showing the completion and acceptance of the work by the town, which was later corrected by amendment, for it is most unlikely, if not impossible, that plaintiff could have had in mind two completions of one and the same improvement, without even suggesting such a thing in his pleadings. Hence we conclude that the amendment affects both allegations of the completion of the work, and that the exception of prematurity—or it might be said, in this instance, with equal propriety, the exception of no cause of action, on this phase of the case—is well founded.

It does not clearly appear whether plaintiff, by incorporating in his demand one-half of a payment of $1,500, made by the town on the debts of the Liberty Construction Company, mentioned in stating the case, is suing for a a part of the profits, or a part of the retained compensation, paid out. If plaintiff is suing for the latter, we have, in effect, disposed of the item. If he is suing for the former, the same general reasoning applies, for the profits cannot be ascertained until the completion of the work.

As to the $2,500, advanced by plaintiff to the Liberty Construction Company, with which to continue the work, the advance does not come within the provisions of Act No. 224 of 1918, which governs the case. The act does not bring within its protecting provisions claims for money advanced to the contractor for any purpose, whether to enable him to continue

with the work or not. Section 2 of the act makes the political subdivision having the work done liable for any payment made for work or labor done on the improvement, or for material furnished, in the construction, repair, or alteration thereof, if made after the timely recordation of a sworn statement of the claim in the mortgage records, and the filing of a sworn statement of the claim with the political subdivision having the work done without first deducting the amount of the claim so served on it. Section 1 of the act also requires the subdivision to require of the contractor bond for the faithful performance of the contract, and for the payment by the contractor and by subcontractors for all work done, labor performed, or material furnished in the construction, alteration, or repair of the improvement. The only expression in the act that might be considered as including money advanced is the expression "material furnished." However, that expression does not include money advanced. This was so held in statutes similar to the present one. Young v. Barelli, 169 La. 319, 125 So. 258; Central Lumber Co. v. Schroeder, 164 La. 759, 114 So. 644.

Plaintiff may have a claim against the Liberty Construction Company for the advance, but he has none against the town or the surety, on the showing here made, and therefore, as to the latter, the exception of no cause of action is well founded. As to the Liberty Construction Company, it may be observed, in passing, that the only judgment that it is possible to obtain against it is one in rem, for the company is only constructively before the court, and such a judgment cannot be obtained, because there is no property against which the claim operates before the court.

For the foregoing reasons, the judgment dismissing plaintiff's demand is affirmed.