**VILLAGE OF CAMBRIDGE, ILLINOIS, for the Use and Benefit of R. Clyde SHILLING, Plaintiff-Appellee,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellant.**

**No. 12120.**

United States Court of Appeals
Seventh Circuit.
March 31, 1958.

**600**

John E. Cassidy, Jr., Peoria, Ill. (John E. Cassidy, Sr., Peoria, Ill., on the brief), for defendant-appellant.

Elmo E. Koos, Peoria, Ill. (Irwin S. Rubelle, Peoria, Ill., on the brief), for plaintiff-appellee.

Before DUFFY, Chief Judge, and FINNEGAN and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is an appeal from a jury verdict of $9,072 in favor of the plaintiff on a contract performance bond executed by Frederick N. Frank, Inc., the contractor, as principal and the defendant as surety.

There is no conflict in the evidence. The facts are that Frederick N. Frank, Inc. entered into a contract with the Village of Cambridge, Illinois for the construction of a sanitary sewer system; that it gave an Illinois statutory performance bond with the defendant as surety conditioned upon the payment of "all sums of money due or to become due for any labor, materials, apparatus, fixtures or machinery furnished to" the contractor for the proposed construction; that the contractor employed the plaintiff Shilling as general superintendent for the construction at an agreed salary of $150 per week plus expenses; that there was a further agreement that Shilling would order and purchase materials and hire labor necessary to carry on the construction, would pay therefor from his own funds and would be reimbursed at the end of the job for which services he was to receive an additional $50 per week.

The construction work began about July 1, 1954 and continued for thirteen weeks. It was completed about October 1, 1954. Shilling superintended the project, purchased materials, hired the labor and paid for part thereof from his own funds. He has never been reimbursed by the contractor, who ceased doing business in January 1955, nor has he been paid for his services and expenses although he has made demand upon the contractor for payment.

The defendant claims as error the action of the District Court in denying its motions for a directed verdict and/or for a new trial; admitting certain exhibits of plaintiff in evidence; making alleged prejudicial statements in the presence of the jury; and in ruling on instructions.

The District Court committed no error in denying the defendant's motions for a directed verdict. The evidence clearly proved the right of the plaintiff to recover for his labor performed as general superintendent under his agreement with the contractor. This was conceded by the defendant in oral argument before this court. However, the District Court did commit error in denying a new trial to defendant and the judgment must be reversed.

The general rule of law is well established that one who loans or advances money to a contractor cannot recover from the surety on an ordinary performance bond, such as we have here, even though the money loaned or advanced was used in paying for labor and materials. Hanson v. Liberty Const. Co., 1931, 172 La. 298, 134 So. 98, 100; United States, for Use and Benefit of Dorfman v. Standard Surety & Casualty Co. of New York, D.C.S.D.N.Y.1941, 37 F.Supp. 323, 326; Maryland Casualty Co. v. Board of Water Com'rs of City of Dunkirk, 2 Cir., 1933, 66 F.2d 730, 738. See 127 A.L.R. 974 for additional authorities.

Although the factual background in the case of Hardaway v. National

Surety Co., 1909, 211 U.S. 552, 29 S.Ct. 202, 53 L.Ed. 321 is somewhat different than here the rationale is the same and to paraphrase the language of the Supreme Court in that case in 211 U.S. on page 560, 29 S.Ct. at page 205 Shilling bound himself to furnish superintendence, for which he was to be paid $150 per week, and to furnish money to pay for labor and material to construct the sewer sanitary system which the contractor had undertaken to do, for which he was to be paid an additional sum of $50 per week. These things were all that Shilling undertook to do and he was not a subcontractor in our view who undertakes to furnish labor and materials upon a contract with the contractor. The extent of the agreement was to furnish funds to pay for the labor and materials to do the work and to superintend it.

The plaintiff cites no authority to the contrary and we are not aware of any.

Plaintiff's Exhibit 83 is a check in the sum of $800 drawn by Shilling payable to the People's National Bank of Cambridge, Illinois. It was deposited in the payroll account of Frederick N. Frank, Inc. in that bank and represented money advanced by Shilling to the contractor for covering payroll checks written by the contractor's office in Peoria. It was an outright loan and nothing more.

Plaintiff's Exhibits 84, 85, 86 and 87 are payroll checks drawn by the contractor totaling $278.72. They were cashed for the payees by Shilling and were subsequently refused by the bank because of "insufficient funds".

Under no circumstances could these five exhibits represent items even remotely approaching coverage under the bond in suit and their admission in evidence over defendant's objection was clearly erroneous.

We deem it unnecessary to discuss in detail each of the other exhibits for the reason that the clear error of the District Court in admitting Plaintiff's Exhibits 83, 84, 85, 86 and 87 in evidence compels a reversal and a new trial.

As the other questions raised and argued may not be present upon retrial we make no comment thereon.

The judgment is reversed and the cause remanded for a new trial.