*A. Ellison*, for the plaintiff.

*J. B. Howe*, for the defendant.

---

## MARTIN *v.* WOODRUFF.

If a judgment be reversed, the party will be restored to all that he has lost by occasion of the judgment, and a writ of restitution will be awarded.

Where the plaintiff has execution, and the money is levied and paid, and that judgment is afterwards reversed, the party shall have restitution without a *scire facias,* because the record will show that the money is paid, and there is a certainty of what is lost; otherwise, where it was levied and not paid, for then there must be a *scire facias* suggesting the sum levied.

In cases where a writ of restitution can issue at once, a demand is not required before commencing the suit.

An action for money had and received is the proper remedy in these cases.

ERROR to the *Lagrange* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit for

money had and received, in which *Woodruff* was the plaintiff and *Martin* defendant.

Plea—the general issue. Verdict and judgment for the plaintiff.

The facts are as follow: One *Thomas Atchison* had recovered a judgment for 71 dollars against *Jonathan Woodruff*, the now plaintiff. In *November*, 1843, a *fieri facias* issued on said judgment, which was levied on the property of said *Woodruff*. In *February*, 1844, the judgment-plaintiff, *Atchison*, assigned the judgment to said *Martin*, who was the clerk of the Court. In *August*, 1844, a part of the property levied on as aforesaid, namely, 84 sheep, were sold by the sheriff on the said execution for 118 dollars. The sheriff paid the money received on this sale, except a small sum, to said *Martin*, who had directed the sheriff in making the levy, and who claimed to be the owner of the judgment. The Supreme Court, afterwards, at the *November* term, 1847, reversed the said judgment, and remanded the cause to the Circuit Court for further proceedings. *Atchison* was afterwards non-suited in the said cause in the Circuit Court.

Upon the foregoing facts, the Court instructed the jury, that if they should find for the plaintiff, the measure of damages would be the money made on the execution with interest.

The Court refused to instruct the jury that the plaintiff was not entitled to recover, unless he had demanded the money of the defendant.

We do not think there is any error in this case. The defendant is entitled to no benefit from a judgment which ought not to have been recovered; and he cannot complain for having to pay back the money to the real owner of it with interest. The language of the books is, that if judgment be *reversed*, the party shall be restored to all that he has lost by occasion of the judgment, and a writ of restitution shall be awarded. Cro. Jac. 699, *Sympson* v. *Juxon*. Where the plaintiff has execution and the money is levied and paid, and that judgment is afterwards reversed, the party shall have restitution without a

*scire facias*, because it appears on the record that the money is paid, and there is a certainty of what was lost; otherwise, where it was levied but not paid; for there must then be a *scire facias* suggesting the matter of fact, viz., the sum levied, &c. 2 Will. Saund. 101 ee.—2 Tidd's Prac. 955.—Bingh. on Executions, 265. The case before us being one where a writ of restitution might have issued at once, a demand, of course, could not be required before commencing the suit. In the cases in *Maryland* and *New York*, which will be presently cited, the facts are stated, and the suits were sustained, though no demand appears to have been proved.

It has been sometimes doubted whether an action for money had and received is the proper remedy in these cases; and there is a *dictum* by an *English* Judge, in an old case, that it is not. *Mead* v. *Death et al.*, 1 Ld. Raym. 741. But there are now two decisions directly in favor of the action; and we think they ought to settle the question. *Green* v. *Stone*, 1 Harr. & Johns. 405.—*Clark* v. *Pinney*, 6 Cowen, 297. (1.)

*Per Curiam.*—The judgment is affirmed with 3 *per cent.* damages and costs.

*J. B. Howe*, for the plaintiff.

*E. A. McMahon*, for the defendant.

(1) Money paid on a judgment, which was afterwards reversed, may be recovered back, in an action for money had and received, unless it was equitably due when the judgment was rendered.—*Green* v. *Stone,* 1 Harr. & Johns. 405.

Where the money was paid on a judgment of a Court of Common Pleas which was afterwards reversed on error; *held*, that it might be recovered back in an action of *indebitatus assumpsit* for money had and received.

The Court would not turn the party round to the antiquated remedy by *scire facias*, though they agreed that this would lie; and that where it appears on the face of the record that the money had been paid, a writ of restitution may issue, even without a *scire facias*.

Taking a promissory note as payment of an execution, and indorsing it satisfied, with the consent of the plaintiff, is equivalent to the payment of money, though the note be not negotiable. And the amount of such a note will be regarded as money, in an action for money had and received, on a reversal of the judgment upon which the execution issued.—*Clark* v. *Pinney*, 6 Cowen, 297.