## No. 7838.

## SMITH *v.* ZENT.

JUDGMENT.—*Reversal.*—*Property Sold Pending Appeal.*—*Measure of Damages.*
A party whose personal property has been sold upon an execution issued
upon a judgment rendered against him may, after the reversal of such
judgment, recover from the judgment plaintiff the value of the property
thus sold, and is not restricted in his recovery to the price for which the
property sold.

From the Huntington Circuit Court.

*J. B. Kenner* and *B. M. Cobb*, for appellant.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer*, for appellee.

BEST, C.—The appellant brought this action against the
appellee, alleging specifically in his complaint that the appellee, on the 13th day of November, 1875, in an action for
malicious prosecution, recovered a judgment against the appellant; that he caused an execution to issue upon said judgment upon which personal property belonging to the appellant of the value of three hundred and forty-five dollars was
sold; that afterwards said judgment was reversed by this
court, and by reason of said sale the appellant has been damaged, etc.

A demurrer to the complaint was overruled, and, the appellee declining to further plead, a jury assessed the damages
at $179.61.

The appellant moved for a new trial because the amount
of recovery was too small and because the court erred in giving, and in refusing to give, an instruction to the jury. This
motion was overruled, and this ruling is assigned as error.

The property was sold by the sheriff on the 26th of February, 1876, to various persons, for $174.25, but the testimony tended to show that it was worth considerably more at
the time of the sale. The court instructed the jury that the
measure of damages was the amount for which the property
sold at sheriff's sale with interest thereon from that time, and

Smith v. Zent.

refused to instruct them that the measure of damages was the value of the property sold at the time of sale. It is well settled that where personal property is sold upon a judgment, which is afterwards reversed, the owner may recover, in an action of assumpsit for money had and received, from the execution creditor, the amount received from such sale. *Martin* v. *Woodruff*, 2 Ind. 237; *Clark* v. *Pinney*, 6 Cowen, 297; *Green* v. *Stone*, 1 Harris & Johnson, 405; *McJilton* v. *Love*, 13 Ill. 486.

The amount received at such sale may not, however, compensate the owner for the loss sustained, and hence it is equally well settled that where personal property is sold upon a judgment, which is afterwards reversed, the owner may recover the value of the property sold from the judgment plaintiff. *Reynolds* v. *Hosmer*, 45 Cal. 616; *South Fork Canal Co.* v. *Gordon*, 2 Abbott U. S. 479; *McJilton* v. *Love*, 13 Ill. 486; *Bank of United States* v. *Bank of Washington*, 6 Peters, 8; Freeman Judgments, section 482.

The case of *Reynolds* v. *Hosmer*, 45 Cal. 616, like this case, was an action for damages, and the court, in speaking of the remedy of the owner where the title to the property, as in this case, had vested in third parties, said: " The former owner was then turned over to an action for damages, to make good the loss of his property. That doctrine is now so far modified that, if the plaintiff in the judgment be himself the purchaser, the former owner, after reversal, may, at his election, either have the sale set aside and be restored to the possession, or have his action for damages."

In *South Fork Canal Co.* v. *Gordon*, 2 Abbott U. S. 469, it is said that the remedy of the owner of the property sold upon a judgment, which is afterwards reversed, is an " action for a money equivalent." And in *Bank of United States* v. *Bank of Washington*, 6 Peters, 8, the rule is thus stated: " On the reversal of the judgment, the law raises an obligation in the party to the record, who has received the benefit of the

erroneous judgment, to make restitution to the other party for what he has lost."

An assignee of the judgment, who causes property to be sold under it, is, after reversal, liable to the owner for the value of the property.

Freeman on Judgments, sec. 482, says : "As against such assignee, the defendant may recover possession of the property purchased ; or, ratifying the sale, may recover the value of the property affected thereby."

From the foregoing, it clearly appears that the owner of property, sold under the circumstances stated, is not limited in his recovery to the amount for which the property sold, but that he may recover, in the appropriate action, the value of the property at the time of the sale. Nothing short of this will compensate him for his loss. The rule of damages is compensation for the loss, and this entitles the party to the value of the property sold. 1 Sedgwick Damages, p. 217.

It therefore follows, that the court erred in giving the instruction given, and in refusing to give the instruction asked.

The appellee insists that *Martin* v. *Woodruff*, 2 Ind. 237, where it was held that a similar instruction was not erroneous, is decisive of this question. That case was unlike this one. It was an action of assumpsit for money had and received. If the plaintiff is content to take the money for which his property sells, certainly a defendant can not complain of an instruction which requires him to refund it. A plaintiff, however, in an action like this, may justly complain of such instruction, since he is not compelled to accept such compensation for his loss. The case is in entire harmony with our conclusion. For the reasons given, the judgment must be reversed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment be and it is hereby in all things reversed, at appellee's costs, with instructions to grant a new trial, and for further proceedings.