Filed March 13, 1890.

No. 14,034.

## THOMPSON ET AL. *v.* REASONER.

DRAINAGE.—*Remonstrance.—Judgment.— Construction of Ditch. — Appeal.—Liability for Damage upon Reversal.*—Where a judgment is rendered adversely to a remonstrant, in a ditch proceeding, who alleges as grounds for the remonstrance, damages and an expense exceeding the aggregate benefits, and an appeal is taken without a stay of proceedings, the remonstrant, the judgment having been reversed, can not recover damages for injury to his land caused by the construction of the ditch pending the appeal.

JUDGMENT.—*Justification of Acts till Reversed.*—A subsisting judgment of a court which has jurisdiction of the persons and subject-matter is binding upon all who were parties, and constitutes a sufficient justification for all acts done in its enforcement, until it is reversed or set aside by competent authority.

SAME.—*Erroneous.—Enforcement of Payment.—Action Against Plaintiff.—Basis of.*—The action, in the absence of malice or want of probable cause, against a plaintiff who has enforced payment of an erroneous judgment is not founded upon any supposed wrong that he has committed, but lies to compel a restitution of any benefits which accrued to him, on the ground that in equity and good conscience he ought after the reversal to restore to the defendant everything of value which he received on account of the erroneous judgment.

From the Blackford Circuit Court.

*B. G. Shinn, E. Pierce* and *C. E. Shipley,* for appellants.
*J. Cantwell, S. W. Cantwell* and *J. A. Bonham,* for appellee.

MITCHELL, C. J.—Reasoner instituted this action against
Thompson and three others, and charged that the defendants
had wrongfully and unlawfully constructed a ditch, or drain,
in such a manner as to drain the surface-water off their
lands, and caused it to be cast upon and overflow the
plaintiff's lands to his damage.    It appeared upon the
face of the pleadings that in November, 1883, the de-
fendants, having given due notice, presented their peti-
tion to the circuit court of Blackford county, asking for
the location and construction of a drain, so as to reclaim
and drain certain wet lands of which they were the
owners.    Such proceedings were thereupon had, in pursu-
ance of the statute providing for the drainage of wet lands,
as that the ditch prayed for was regularly established, and
the construction of the work entered upon, and in due time
completed.    At the proper time Reasoner, and two others
whose lands were not described in the petition, nor in the
report of the commissioners of drainage as liable to be either
benefited  or  damaged, appeared, and, after waiving notice,
presented a remonstrance against the report of the commis-
sioners, alleging, among other things, as grounds therefor,
that they would sustain damage to their lands, repectively,
by the construction of the drain, as proposed, and that the
proposed drainage could not be accomplished without an ex-
pense exceeding the aggregate benefits.   Upon motion the
court rejected the remonstrance, upon the ground that the
remonstrants were not within the terms of the statute
which prescribed the class of persons entitled to remonstrate.
The remonstrants thereupon appealed to this court, and,
upon the hearing, it was held that the court below had com-
mitted error in rejecting the remonstrance.   The judgment
was reversed, accordingly.    *Reasoner* v. *Creek,* 101 Ind.
482.

No stay of proceedings having been had, or applied for, the drainage commissioner, to whom the construction of the work was referred, collected the assessments made, completed the drain under the direction and to the approval of the court, and was finally discharged pending the appeal of the remonstrants in this court. After the judgment was reversed the proceeding was reinstated in the court below, and at the next term the court ascertained the amount of damage which each of the several remonstrants would sustain, and found that the expense of constructing the work and the damages exceeded the aggregate benefits. Thereupon the proceeding was dismissed, leaving the drain as it had theretofore been constructed on the lands of the defendants, in full and complete operation.

The plaintiff charges that the drain thus constructed discharges the surface-water off the defendants' lands into a creek, which flows through the plaintiff's land which is some distance below the point of discharge, and causes the creek to overflow its banks and inundate his lands to his damage. He had a verdict and judgment in the court below. The question now is, whether or not the appellants upon whose petition the drainage proceedings were instituted, and carried forward, are liable in a civil action for damages for the injuries resulting to the lands of the plaintiff on account of the construction of the ditch, or whether they may avail themselves of the judgment under which the drain was constructed, as a defence against any claim for damages to the plaintiff's land?

The general principle is well settled that a subsisting judgment of a court which has jurisdiction of the persons and subject-matter, is binding, at least, upon all who were parties, and constitutes a sufficient justification for all acts done in its enforcement, until it is reversed or set aside by competent authority. *Gray* v. *Brignardello*, 1 Wall. 627 ; Freeman Judg., section 482 ; Wait Fraud. Con. (2d ed.) sections 443–444.

A judgment regularly given, although it may be erroneous, is nevertheless the act of the court, and any one who proceeds to enforce it, may avail himself of its protection until it is reversed. Whatever contrariety there may be in the adjudged cases, in other respects, all the authorities agree that where a judgment is merely erroneous, it will afford complete protection to all persons who proceed to enforce it, and who act in reliance upon the adjudication.

Upon the reversal of an erroneous judgment, the law raises an obligation against one who has received the benefit of the judgment, to make restitution to the other party of any money or property that may have been received, or for its value or equivalent in money in case the plaintiff asserts title to the thing received, or has converted it to his own use. *Bank of United States* v. *Bank of Washington*, 6 Peters, 8 ; *South Fork Canal Co.* v. *Gordon*, 2 Abbott U. S. 479 ; *Reynolds* v. *Hosmer*, 45 Cal. 616.

In case money has been received, it may be recovered back in an action for money had and received. *Metzner* v. *Bauer*, 98 Ind. 425 ; *Martin* v. *Woodruff*, 2 Ind. 237 ; *Clark* v. *Pinney*, 6 Cow. 297.

Thus it is said in *McJilton* v. *Love*, 13 Ill. 456, " If the plaintiff has derived any benefit from the judgment, he must make as full restitution to the defendant, as the circumstances of the case will permit. If he has secured payment in money from the defendant, the latter can recover back in an action of *indebitatus assumpsit.* * * If he has obtained money by the sale of the property of the defendant, the latter may recover it as so much money had and received to his use. If he has purchased in property under the judgment, and still retains the ownership, the defendant may recover the specific property in the appropriate action. If he has aliened the property, he is responsible to the defendant for its value."

" The restitution," says the Supreme Court of Missouri, " to which the party is entitled upon the reversal of an er-

roneous judgment is of everything which is still in the possession of his adversary." *Golt* v. *Powell,* 41 Mo. 416.

While a judgment defendant is entitled to compel the fullest restitution of all benefits which the plaintiff received on account of the enforcement of an erroneous judgment, it is not strictly accurate to say that the latter is liable to an action for damages for enforcing a judgment pending an appeal where there has been no stay of proceedings.

There would be no inducement for an appellant in any case to secure a supersedeas to stay proceedings, if it were held that the plaintiff assumed the liability of all damage which might result from the enforcement of the judgment, nor would any one venture to enforce a judgment while the right of appeal existed, or while an appeal was pending.

Where payment of a subsisting judgment is enforced by taking out regular process, the plaintiff is acting under authority of law, and can not be held responsible for damages as a wrong-doer, because it turns out in the end that the court committed an error in rendering the judgment. The plaintiff takes the chance of losing the title to any property he may have purchased at an execution sale, and of being compelled to restore to the last farthing any benefit he may have received under the judgment; but he can not be compelled to make good all the damage which the defendant, who neglected to stay proceedings pending the appeal, may have sustained by the erroneous action of the court. *Galpin* v. *Page,* 18 Wall. 350 (374); *Gay* v. *Smith,* 38 N. H. 171; *Bryant* v. *Fairfield,* 51 Maine, 149; 2 Freeman Executions, sections 346, 347; Herman Ex., p. 608. As has been said, " Case for the malicious motive and want of probable cause for the proceeding is the only sustainable form of action," to recover damages. 1 Chitty Pl. 186; *Day* v. *Bach,* 46 N. Y. Sup. Ct. Rep. 460.

The action, in the absence of malice or want of probable cause against a plaintiff, who has enforced payment of an erroneous judgment, is not founded upon any supposed

wrong that he has committed, but lies to compel a restitution of any benefits which accrued to him, on the ground that in equity and good conscience he ought, after the reversal, to restore to the defendant everything of value which he received on account of the erroneous judgment.

Thus, in *Simpson* v. *Hornbeck*, 3 Lans. 53, one of the parties recovered a judgment against the other in an action for the conversion of personal property, from which there was an appeal, without stay of proceedings. After the appeal, the party who had judgment in his favor obtained an execution against the body of the other, upon which the latter was arrested and imprisoned. Afterwards the judgment was reversed, and it was held that an action to recover damages for false imprisonment was not maintainable. This, upon the principle that it would be unjust to hold that a judgment duly rendered by a court of competent jurisdiction, of both the parties and the subject-matter, should fail to protect a party acting under it, before reversal, on account of error committed by the court. *Miller* v. *Adams*, 7 Lans. 131; *Miller* v. *Adams*, 52 N. Y. 409; *Palmer* v. *Foley*, 71 N. Y. 106; *Dusenburg* v. *Keiley*, 85 N. Y. 383; *Hayden* v. *Shed*, 11 Mass. 500.

" The party causing process to be issued is not responsible for anything that is done under it, where the process is afterwards set aside, not for irregularity, but for error. *  * There is a manifest distinction between setting aside process for irregularity and reversing a proceeding for error on appeal. In the one case, a man acts irregularly and improperly without the sanction of any court. He therefore takes the consequences of his own unauthorized act. But where he relies on the judgment of a competent court, however erroneous that judgment may be, the party acting upon the faith of it ought to be protected." *Williams* v. *Smith*, 14 C. B. (N. S.) 596; *Prentice* v. *Harrison*, 4 Ad. & E. (N. S.) 852; *Marks* v. *Townsend*, 97 N. Y. 590.

In *Day* v. *Bach*, 87 N. Y. 56, an attachment had been

granted against the property of the defendants. Afterwards the defendant moved to vacate the writ of attachment. This motion was denied below, but upon appeal the judgment denying the motion was reversed. Pending the appeal most of the attached property was sold by order of the court as perishable property, and it was held that the process having issued regularly in a case where the court had jurisdiction, the plaintiff was entitled to justify what was done under it, although it was afterwards set aside for error in the judgment. In that case the court said : " It does not appear that the defendants purchased any of the property on the sale, or had or retained any part of it. The sale by the sheriff having been made under the order of the court, the money derived therefrom stood as a substitute for the property. This the plaintiff has received ; and the defendants, having had neither the property, nor its value, are not responsible therefor to the plaintiff."

After an exhaustive examination of the authorities, the learned judge, who delivered the opinion in *Day* v. *Bach, supra,* deduced from them the following propositions : " 1. That a void writ or process furnishes no protection to a party, and he is liable to an action for what has been done under it at any time, and it is not necessary that it should be set aside before bringing the action. 2. If the writ is irregular only, and not absolutely void, * * no action lies until it has been set aside ; but when set aside, it ceases to be a protection for acts done under it, while in force. 3. If the process was regularly issued in a case where the court had jurisdiction, the party may justify what has been done under it, after it has been set aside for error and an action for false imprisonment, in case of arrest, or of trespass for property taken under it, will not lie."

Upon principle, and upon the irrefutable reasoning of all the authorities, the conclusion follows that the appellants in the present case are not liable in an action sounding in tort for damage resulting to the plaintiff's property from the con-

struction of the drain. The appellants invoked the jurisdiction of the court for the purpose of securing the construction of a work in which public as well as private interests were concerned. The work was constructed and completed by an officer of the court, in pursuance of a judgment regularly given. The power and jurisdiction of the court was regularly invoked, and although it may now be conceded that it was erroneously exercised, the judgment and proceedings were efficacious for the protection of those who invoked the jurisdiction of the court, and acted under the solemn sanction of its authority.

It may be well to remark that the principles enunciated by Mr. Justice FIELD in *South Fork Canal Co.* v. *Gordon, supra,* which seem to have, to some extent at least, controlled the decision in *Smith* v. *Zent,* 83 Ind. 86, were subsequently modified by the same eminent judge in *Galpin* v. *Page, supra;* 2 Freeman Ex., section 347.

It should be noted that this action does not proceed upon the ground or assumption that the appellants, either jointly or severally, have by means of the erroneous judgment under which the drain was constructed, received benefits in excess of the amount paid by them, equal to the amount of damage sustained by the plaintiff; nor does it appear that the damage which resulted to the plaintiff below enured to the special benefit of the appellants' property.

The statute provides that a party affected may remonstrate, and assign as one of the causes that the work can not be accomplished without an expense exceeding the aggregate benefits, and it also provides that if this ground of remonstrance is established, the proceeding shall be dismissed. The plaintiff availed himself of his right, and procured the proceedings to be dismissed after the drain had been constructed. He might have waived the above ground of remonstrance, and had his damages assessed, but he elected to take the other course.

Whether he may yet have his damages assessed upon the

The State, *ex rel.* Clark, *v.* Haworth, School Trustee, Etc.

lands benefited, or whether in an equitable action he might have the benefits received by each of the appellants or which enure to their lands respectively apportioned, are questions we do not decide now. It is enough to decide that his action to recover damages can not be maintained.

The judgment is therefore reversed, with costs.

Filed March 13, 1890.