**Adam J. KLINE, Appellant (Plaintiff Below),**

v.

**BUSINESS PRESS, INC., d/b/a Indianapolis Business Journal, Appellee (Defendant Below).**

No. 41A04–8705–CV–145.

Court of Appeals of Indiana, Fourth District.

Dec. 14, 1987.

Rehearing Denied Jan. 7, 1988.

Gary L. Miller, Hollingsworth, Meek & Miller, Indianapolis, for appellant.

John A. Young, Theodore J. Blanford, Young, Cochran & Reese, Indianapolis, for appellee.

CONOVER, Judge.

Plaintiff–Appellant Adam J. Kline (Kline) appeals the entry of summary judgment by the trial court in favor of defendant-appellee Business Press, Inc., d/b/a Indianapolis Business Journal (IBJ) in an automobile negligence action.

Kline's issues, restated, are

1. whether remand is in order because five depositions ordered published but not transferred with the record on change of venue were not available to the trial court as it considered IBJ's motion for summary judgment,

2. whether hearsay in affidavits constituted newly discovered evidence requiring the grant of Kline's motion to correct errors, and

3. whether there is a genuine issue of material fact as to whether IBJ's managing editor was acting in the course and scope of his employment at the time of the accident.

Christopher Katterjohn (Katterjohn) was one of IBJ's managing editors when the accident here at issue occurred. His duties included managing other reporters, writing articles for his employer, and meeting the paper's weekly deadline. He received an annual salary plus bonuses in certain situations, engaged in no other outside employment, and was reimbursed by IBJ for parking, mileage and copying expenses. His hours were not fixed. Katterjohn was not supervised in his duties nor did he conduct all his employer's business in IBJ's offices. Often he was out of the office interviewing people for articles he wrote for the paper. He had no set time period for lunch and frequently went home to eat that meal.

On the day of the accident, Katterjohn lunched at home with his wife and children. He was returning to work when the accident occurred. He had made no business calls on his lunch hour that day.

Affidavits executed by Kline and one Eckert were attached as exhibits to Kline's motion to correct errors. It asserted the affidavits contained newly discovered evidence warranting a trial on the merits. Both affidavits stated the affiants had heard Mary Palmer, a friend of Vicki Townsend, Katterjohn's wife, say that Vicki had told Mary, Katterjohn was not on his lunch hour when the collision occurred.

■ When reviewing the grant of a motion for summary judgment, we stand in the shoes of the trial court. *Lafary v. Lafary* (1985), Ind.App., 476 N.E.2d 155, 158. Therefore, we consider the same matters as it does. *Mall v. South Central Solar Systems, Inc.* (1981), Ind.App., 419 N.E.2d 154, 163. The burden is on the moving party in a summary judgment motion to establish the lack of any genuine issue of material fact. *Ancich v. Mobil Oil Corp.* (1981), Ind.App., 422 N.E.2d 1320, 1332, *reh. denied.*

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is not genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wix-*

*om, Admx. v. Gledhill Road Machinery Co.* (1987), Ind.App., 514 N.E.2d 306, 307; *Creighton v. Caylor–Nickel Hospital, Inc.* (1985), Ind.App., 484 N.E.2d 1303, 1304–1306.

## I.

■ Five depositions ordered published by the trial court were not in its possession so as to be considered by it prior to entering summary judgment. Kline first argues this cause should be remanded to the trial court for reconsideration of IBJ's motion for summary judgment in light of the testimony contained in these depositions. However, this issue was not raised in Kline's motion to correct errors. Kline raised it for the first time in his appellant's brief.

Before any issues may be presented to this court on appeal other than fundamental error questions in criminal cases, they must initially be raised and considered in the trial court. Failure to do so precludes appellate review. Such issues will not be considered on appeal. *City of East Chicago v. Broomes* (1984), Ind.App., 468 N.E.2d 231, 233. They are deemed waived. *Turner v. State* (1981), Ind., 428 N.E.2d 1244, 1248.

In any event, the trial court here had before it all of the relevant facts contained in those depositions. They were stated and argued by both Kline and IBJ in their memoranda filed with the trial court in support and in objection to IBJ's motion for summary judgment. Thus, the court was in possession of such facts before it ruled. The error in this regard, if any, was harmless.

## II.

■ Kline next argues the trial court erred by failing to grant his motion to correct errors because it presented newly discovered material evidence warranting a trial on the merits. We disagree.

The affidavits of Kline and Eckert contained virtually identical wording, and read

in part as follows (quoting from Kline's affidavit):

. . . . .

4. That on October 13, 1986, your affiant, Jane Eckert, Henry Eckert, Mary Palmer and David Palmer went to dinner together.

5. That Mary Palmer, without prompting from anyone, began discussing the accident which is the subject matter of this case and the defendant, Christopher Katterjohn.

6. That David Palmer touched your affiant on the arm and said to him that Adam [Kline, affiant] had better listen to Mary Palmer.

7. That Mary Palmer said that Vicki was the wife of Christopher Katterjohn and that Mary Palmer was her friend.

8. That Mary Palmer said that Vicki said her husband *was not on his lunch hour when the accident occurred* even though that's what they're telling everyone and that Vicki had said something about Christopher Katterjohn not hitting his brakes. (Emphasis supplied).

(R. 147–148). Clearly, Kline offered these affidavits as evidence bearing upon the factual question of whether or not Katterjohn was acting within the course and scope of his employment at the time the accident occurred. Before considering whether the factual matter contained in these affidavits fulfill the requirements for newly discovered evidence, we must first consider whether or not the affidavits contain admissible evidence.

Facts and matters set forth in an affidavit must be admissible in evidence to be considered by the trial court when ruling on a motion for summary judgment. *Whitaker v. St. Joseph's Hospital* (1981), Ind. App., 415 N.E.2d 737, 743. When ruling on a Trial Rule 56 Motion to Correct Errors, it is proper for the trial court to ignore those parts of affidavits not admissible. *Apple v. Hall* (1980), Ind.App., 412 N.E.2d 114,

117. A witness's testimony which relates to an extrajudicial declaration by another, offered for the purpose of proving facts asserted by the declarant is hearsay and inadmissible as evidence. *Trustees of Indiana University v. Williams* (1969), 252 Ind. 624, 251 N.E.2d 439, 443. Here, Kline and Eckert recite what Palmer told them Katterjohn's wife said. This is hearsay offered as proof of a material fact under *Williams.* Kline argues, however, under *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, such hearsay statements are admissible evidence and worthy of consideration by the trial court because both Palmer, the transmitter, and Townsend, the declarant, were available for cross-examination at their depositions taken after the court's entry of summary judgment.

While the "evidence" contained in the affidavits at hand is hearsay, that fact alone does not render it inadmissible. There are many exceptions to the hearsay rule, so many, in fact, some commentators declare the exceptions have swallowed the rule. Here, however, the affidavits contain inadmissible hearsay which the trial court properly disregarded.

In *Patterson,* two prosecution witnesses had given statements to the investigating officers prior to trial. Both were called to testify as State's witnesses. Further, the State offered both pre-trial statements as evidence. Both statements were admitted and both witness' testimony were consistent with the pre-trial statements, on the whole. The jury was not instructed the statements could not be considered as substantive evidence. Our Supreme Court on appeal acknowledged the statements violated the traditional hearsay rule, but declared the pre-trial statements admissible because the two declarants were on the stand under oath and subject to cross-examination at the time their pre-trial statements were offered as evidence. *Patterson,* 423 N.E.2d at 484–485.[1]

---

1. We note a factual difference between *Patterson's* facts and those here presented. Palmer did not make the declaration Kline relies upon. She allegedly told the affiants a third party, Townsend, made such statement. In *Patterson,* both State's witnesses made the statements relied upon at trial. Thus, *Patterson* involved only hearsay. Here, we are confronted with hearsay two times removed.

Initially, we note our Supreme Court has instructed we are not to extend the *Patterson* rule, *cf. Samuels v. State* (1978), 267 Ind. 676, 372 N.E.2d 1186, 1187, and *Stone v. State* (1978), 268 Ind. 672, 377 N.E.2d 1372, 1375. *Patterson* involved a situation where the out-of-court declarants were on the stand under oath and available for cross-examination during the actual trial. While the use of depositions is authorized in summary judgment proceedings, and Palmer and Townsend were timely deposed, neither Kline nor Eckert, the affiants, were the purported declarant. Thus, they were merely repeating a rumor in their affidavits. Such testimony does not constitute admissible evidence. *Davis v. Eagle Products, Inc.* (1986), Ind.App., 501 N.E.2d 1099, 1107.

Further, neither deponent testified consistently with the purported statement credited to the declarant. Both Palmer, the transmitter, and Townsend, the declarant, in their depositions taken by Kline's attorney denied under oath Townsend ever made such a statement. Palmer testified:

Q. Did you say at the dinner table that Vicki Townsend said that Chris Katterjohn was not, in fact, coming back from home from—or coming back to work from home but rather was engaged in business at the time of the collision?

A. Absolutely not. I said from the time of day that the accident occurred, I assumed he was at work, and that statement has got me into all this mess.

(R. 428). Vicki Townsend testified on direct examination:

Q. Did you ever tell Mary Palmer that your husband Chris was, in fact, coming back from a business engagement and not coming from home at the time of the accident?

A. No.

Further, Townsend testified on cross-examination by counsel for IBJ:

Q. ... The day of this accident in January, Chris came home to have lunch with you and his family, did he not?

A. Correct.

Q. And then was on his way back to work when the accident happened?

A. Yes, sir.

Where an unsworn out of court declaration is relied upon as evidence of the truth of a fact to be proved, the declarant's in court testimony must be consistent with the out of court declaration. In *Patterson*, both witness' testimony were substantially consistent with their out of court pre-trial statements, *Patterson*, 324 N.E.2d at 424. Thus, the rule is an unsworn pre-trial hearsay declaration is admissible only if such declaration is consistent with declarant's later testimony under oath. Otherwise, such declaration is inadmissible as evidence. *Cf. Brown v. State* (1979), 271 Ind. 129, 390 N.E.2d 1000, 1004. The Federal Rules of Evidence contain the same rule. Federal Rules of Evidence, Rule 801(d)(1)(B).

Because the Kline and Eckert affidavits do not contain admissible evidence, the trial court properly refused to consider whether they contained newly discovered evidence under T.R. 59(A)(6) and 59(H)(1) warranting a trial on the merits.

## III.

There was no conflict in the admissible evidence before the trial court when it ruled on the motions for summary judgment and to correct errors. Thus, there is no need for us to prolong this opinion by discussing whether there was a question of fact as to whether Katterjohn was acting within the scope of his employment at the time the accident occurred. Under the uncontradicted evidence, he was not.

Affirmed.

NEAL and ROBERTSON, JJ., concur.