**SSD CONTROL TECHNOLOGY,**
**Appellant–Defendant,**

v.

**BREAKTHROUGH TECHNOLOGIES,**
**INC., Appellee–Plaintiff.**

No. 20A03–9706–CV–201.

Court of Appeals of Indiana.

Oct. 14, 1997.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, and Richard D. Bonewitz, South Bend, for Appellant–Defendant.

Alan L. Weldy, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for Appellee–Plaintiff.

### OPINION

STATON, Judge.

SSD Control Technology ("SSD") brings this interlocutory appeal from the denial of its motion to transfer venue from the Elkhart Superior Court to St. Joseph County. The plaintiff, Breakthrough Technologies, Inc. ("BTI"), admits that under Ind. Trial Rule 75(A)(4) St. Joseph County is the county of preferred venue for this breach of contract action. However, BTI argues that a choice of forum provision in the contract on which it is suing allows the dispute to be resolved in Elkhart County.

There are two contracts at issue in this case. BTI's lawsuit claims that SSD failed to pay commissions owed to it under its first contract with SSD, dated September 1, 1995. Prior to the commencement of this action, however, BTI and SSD entered into a second contract, with the intention of replacing the first contract, which SSD contends extinguished all claims BTI had under the first contract. The second contract, dated September 4, 1996, does not contain a choice of forum provision, but it does contain a provision which provides that the second contract supersedes all prior agreements between the parties.

■ The sole issue for our review is whether the second contract extinguishes BTI's rights under the first contract, including the right to bring an action for its breach and the right to bring the suit in Elkhart County.

We affirm.

■ Where the issue presented on appeal is a pure question of law and there are no disputed facts, we review the matter *de novo. MacLeod v. Guardianship of Hunter,* 671 N.E.2d 177, 178 (Ind.Ct.App.1996), *trans. denied.* Since there were no disputed facts relevant to the trial court's decision in the present case, we review its determination *de novo.*

SSD argues that, as a general principle, "the execution of a substituted contract acts as an abandonment of any pre-existing claims for breach of the original contract." Appellant's Brief at 12. In making this argument, SSD relies on the following: ". . . after breach of the original contract the claim for damages may be discharged by the performance of a new agreement or by the mere making of [a] new agreement, *where that is its meaning. . . ."* 17A AM.JUR.2D *Contracts* § 557 (1991) (emphasis added) (footnotes omitted). The phrase, "where that is its meaning," at the end of the cited rule suggests that one must inquire into the intention of the parties when they formed the substituted contract before concluding that it serves as a waiver of claims arising under the original contract. In addition, the same volume of *American Jurisprudence* provides: "The making of a new contract between the parties after a breach by one party of a prior agreement between them will ordinarily not affect the innocent party's right to recover damages for the breach. . . ." 17A AM.JUR.2D *Contracts* § 725 (1991). We believe that these general principles of contract law, if followed in Indiana, would require us to conclude that a substituted contract will not result in a party waiving its right to sue under the first contract, unless the substituted contract shows such an intention by the parties.

■ The cases SSD cites from outside Indiana provide stronger support for its position than the general contract principles discussed above. However, we believe that SSD's position is, in effect, an argument that the second contract constituted a novation of the first, and accordingly, the present case can be decided by looking to Indiana cases dealing with the law of novation. "A novation is a new contract made with the intent to extinguish one already in existence. . . ." *Rose Acre Farms, Inc. v. Cone,* 492 N.E.2d 61, 68 (Ind.Ct.App.1986), *trans. denied.* Where a novation is found, it acts to extinguish any claims which existed under the original contract. *Id.* at 69.[1] Thus, if we

---

1. In *Rose Acre Farms,* this court held a novation occurred where an employee accepted a substitute bonus in place of a previously promised bonus. 492 N.E.2d at 69. The court found that

find that a novation occurred in the present case, BTI will be barred from making any claim for damages under the first contract.

■ A novation requires (1) a valid existing contract, (2) the agreement of all parties to a new contract, (3) a valid new contract, and (4) an extinguishment of the old contract in favor of the new one. *Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1233 (Ind.1994). In the present case, there is some dispute whether the first three elements of novation have been met. However, we need not reach those issues since we conclude that the fourth element, extinguishment of the old contract in favor of the new one, has not been met.

■ Where a subsequent agreement lacks any language, either express or implied, which indicates an intention to "create a novation, relieve contractual liabilities, substitute parties, or extinguish the old contract," we will not conclude that a party to the first contract has waived its right to sue for breach of the first contract. *White Truck Sales of Indianapolis, Inc. v. Shelby Nat'l Bank*, 420 N.E.2d 1266, 1271 (Ind.Ct.App. 1981). The second contract between SSD and BTI contains the following provision: "This Agreement contains the entire agreement of the parties and there are no other promises or conditions in any other agreement whether oral or written. This Agreement supersedes any prior written or oral agreements between the parties." Record at 35. We do not believe this language or any other language in the contract creates an express or implied waiver of BTI's or SSD's rights under the first contract. We agree with the following conclusion by the trial court:

as a result of this novation, the employee was precluded from bringing a claim for the first

The 1996 contract clearly and unambiguously states that the new agreement "supersedes any prior written or oral agreements between the parties." [BTI], however, accurately points out that the new agreement contains no language stating that BTI waives claims already in existence against SSD, nor does it contain language that BTI released SSD from liability existing at the time the agreement was signed. Accordingly, the Court must conclude that the claims arising under the 1995 contract were not extinguished by the subsequent agreement, and because they arose under the old contract they are controlled by its terms. Among the terms of the old contract, are the parties' stipulation that both Elkhart and St. Joseph Counties are proper venue for disputes arising under the agreement.

Record at 51–52. We hold that the second contract between SSD and BTI was not a novation of the first. We also hold that under the terms of the first contract, under which BTI is suing, Elkhart is an appropriate venue for this action. The trial court did not err in denying SSD's motion for transfer of venue.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.