**Theodore J. REESE, Appellant–Respondent,**

v.

**Bonnie M. REESE, Appellee–Petitioner.**

No. 75A04–9711–CV–480.

Court of Appeals of Indiana.

June 30, 1998.

Stanley C. Fickle, Marcie R. Horowitz, Barnes & Thornburg, Indianapolis, James A. Buck, Darryn L. Duchon, Buck, Berry, Landau & Breunig, Indianapolis, for Appellant–Respondent.

Wilson S. Stober, Goodin & Kraege, Indianapolis, Andrew Z. Soshnick, Baker & Daniels, Indianapolis, David J. Wallsmith, Nichols, Wallsmith & Weaver, Knox, for Appellee–Petitioner.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

This is the second appeal arising from the marriage dissolution of Bonnie M. Reese ("Bonnie") and Theodore J. Reese ("Theodore"). In the first appeal we reversed the trial court's order that Theodore pay $339,761.21 in Bonnie's attorney fees and litigation expenses ("attorney fees"). On remand, Theodore petitioned the court for an order requiring that Bonnie reimburse him the principal amount he had paid with interest. Bonnie returned the principal but contested Theodore's claim for interest. After a hearing, the trial court denied Theodore's request, and Theodore now appeals. In this second appeal, the question presented is whether the trial court erred when it determined that Theodore was not entitled to recover interest on a judgment that he had paid and which was then reversed on appeal.

We reverse and remand.

## FACTS

Bonnie and Theodore were married in 1964. In 1991, Bonnie filed a petition for dissolution of marriage. The parties agreed that Theodore would pay Bonnie's attorney fees pending the trial court's ultimate determination, and the court entered a provisional order to that effect.[1] Theodore paid a total of $339,761.21 on Bonnie's behalf.

The trial court entered a dissolution decree but deferred judgment on the issue of attorney fees. After a hearing, the court awarded attorney fees to Bonnie in the amount of $339,761.21, the same amount that Theodore had advanced during the pendency of the action. We reversed that award, holding that the trial court had abused its discretion because the evidence did not support a determination that Theodore is in a superior position to pay Bonnie's fees. *Reese v. Reese,* 671 N.E.2d 187, 193 (Ind.Ct.App.1996), *trans. denied.*

After our opinion was certified, the trial court vacated its previous order and entered a new order that the parties pay their own attorney fees.[2] Bonnie reimbursed Theodore without interest. Theodore petitioned the trial court for interest on Bonnie's reimbursement at the rate of six percent per annum, the same rate he is required to pay on his own installment cash payments to Bonnie under the decree. After a hearing, the court denied Theodore's request, holding that no interest payment should be ordered.

## DISCUSSION AND DECISION

Theodore contends that the trial court erred when it determined that he was not entitled to interest on the erroneous judgment. Specifically, Theodore claims that when a judgment is reversed on appeal, the party who has paid the judgment is entitled to restitution, which includes interest. Bon-

---

1. Both parties refer to an agreement and a provisional order, although neither document was included in the record.

2. In the first appeal, the issue of interest was not raised, and our opinion did not address that issue.

nie counters that Theodore has waived consideration of the interest issue and, regardless, that interest is not required as a matter of law.

■ Where the issue presented on appeal is a pure question of law and there are no disputed facts, we review the matter de novo. *SSD Control Tech. v. Breakthrough Techs., Inc.,* 685 N.E.2d 1136, 1137 (Ind.Ct.App. 1997), *trans. denied.* "A pure question of law is one that requires neither reference to extrinsic evidence, the drawing of inferences therefrom, nor the consideration of credibility questions." *Indiana Ins. Co. v. Allis,* 628 N.E.2d 1251, 1252 (Ind.Ct.App.1994) (quoting 4A KENNETH M. STROUD, INDIANA PRACTICE § 12.3 (2d ed. 1990)), *trans. denied.* Here, the facts are undisputed, and the determination whether Theodore is entitled to interest presents a pure question of law.

### I. Waiver

Bonnie contends that Theodore waived his right to interest because he did not request interest at any time prior to conclusion of the first appeal. Theodore counters that his request for interest was not ripe until this court reversed the trial court's award and that he petitioned the trial court for interest at the first opportunity, which was after remand.

In support of her contention, Bonnie directs us to *Kline v. Business Press, Inc.,* 516 N.E.2d 88, 90 (Ind.Ct.App.1987), *trans. denied,* and *Green v. Green,* 447 N.E.2d 605, 610 (Ind.Ct.App.1983), which state the basic rule that this court will not address issues raised for the first time on appeal. However, both *Kline* and *Green* are inapposite because the issues deemed waived in those cases were not presented to the trial court at any time. *See id.* Further, there can be no restitution of benefits conferred under a valid, unreversed judgment as long as the judgment enjoys that status. RESTATEMENT OF RESTITUTION § 72(1) (1937). When, however, the judgment is set aside, vacated or reversed the situation is otherwise. *See Martin v. Woodruff,* 2 Ind. 237, 238 (1850) (defen-

dant entitled to no benefit from judgment which ought not to have been recovered); *see also P.B. v. T.D.,* 561 N.E.2d 749 (Ind.1990) (party who paid judgment later reversed on appeal is entitled to restitution).

■ Here, Theodore first raised the issue of interest with the trial court after remand in his petition to modify judgment. Theodore was not entitled to reimbursement of the principal amount until after we had reversed the award. When the attorney fees issue was first presented to the trial court, there were no grounds to request interest on the sums advanced pendente lite. While Theodore might have requested interest in the first appeal, his claim did not arise until this court reversed the judgment. We conclude that his request for interest after remand was timely and that the issue is not waived on appeal.

### II. Interest

Bonnie contends that Theodore is not entitled to interest because Indiana Appellate Rule 15 controls and does not provide for interest when a judgment is reversed. Theodore counters that when a judgment is paid and then reversed on appeal, the party who paid the erroneous judgment is entitled to restitution, including interest as a matter of law. Bonnie also claims that the erroneous judgment rule does not apply in marital dissolution cases and, further, that the rule does not apply here because Theodore voluntarily paid her attorney fees. We address each claim in turn.

#### A. Indiana Appellate Rule 15

■ Indiana Appellate Rule 15, which controls the award of damages and costs on remand, is silent concerning whether a party is entitled to interest when a judgment has been reversed.[3] Bonnie argues that the rule's silence precludes any request for interest. However, when a rule promulgated by the Supreme Court is silent, we apply relevant statutory or common law. *See* Ind. Trial Rule 1 (except as otherwise provided, these rules govern); *see also Emley v.*

---

**3.** Indiana Appellate Rule 15(G) addresses the issue of damages awarded against an appellant when a judgment is affirmed on appeal. Appellate Rule 15(H) addresses when costs may be assessed against either the appellee or the appellant in the event that party loses on appeal.

*Indiana Dep't of State Revenue,* 536 N.E.2d 558, 560 (Ind.Ct.App.1989) (when neither appellate or trial rules govern, procedural rule enacted by legislature applies); *cf.* Ind. Evidence Rule 101(a) (if rules do not cover specific evidence issue, common or statutory law shall apply). Thus, the silence of Indiana Appellate Rule 15 on the subject of interest requires that we apply the relevant statutory or common law rule.

### B. *Erroneous Judgment Rule*

■ It is well settled that a trial court's judgment that has been reversed is a nullity, and a reversal returns the parties to the position they occupied prior to the judgment. *Hunter v. Hunter,* 156 Ind.App. 187, 295 N.E.2d 834, 835 (1973). Almost 150 years ago, in *Martin v. Woodruff,* 2 Ind. 237 (1850), our supreme court first considered the question of restitution following an erroneous judgment. In that case, the trial court judgment was paid from the plaintiff's livestock sold on execution. On remand, the trial court instructed the jury that if the jury should find for the plaintiff, the measure of damages would be the money made on the execution with interest. The jury returned a plaintiff's verdict, which our supreme court affirmed. The court stated:

> The defendant is entitled to no benefits from a judgment which ought not to have been recovered; and he can not complain for having to pay back the money to the real owner of it *with interest.* The language of the books is, that if judgment be reversed, the party shall be restored to all that he has lost by occasion of the judgment, and a writ of restitution shall be awarded.

*Id.* at 238 (emphasis added).

The court again considered the question of restitution following an erroneous judgment in *Thompson v. Reasoner,* 122 Ind. 454, 24 N.E. 223 (1890), and explained:

> Upon the reversal of an erroneous judgment, the law raises an obligation against the one who has received the benefit of the judgment, to make restitution to the other party of the money or property that may have been received....

122 Ind. at 457, 24 N.E. at 224. The court also explained that, absent malice or want of probable cause, an action against one who has enforced payment of an erroneous judgment:

> [I]s not founded upon any supposed wrong that [a person] has committed, but lies to compel a restitution of any benefits which accrued to him, on the ground that in equity and good conscience he ought, after the reversal, to restore to the defendant *everything of value* which he received on account of the erroneous judgment.

*Id.* at 458–459, 24 N.E. at 225 (emphasis added).

■ It is well settled that interest follows the principal, or as the maxim has been often stated, "interest goes with the principal as the fruit with the tree." *Northern Indiana Pub. Serv. Co. v. Citizens Action Coalition of Indiana, Inc.,* 548 N.E.2d 153, 159 (Ind.1989). When the amount of damage is readily ascertainable as of a particular time, a claimant can only be fully compensated by the payment of interest. *Id.* Interest represents the time value of money. Interest is compensation to a property owner for the loss of the use of his property. *See City of Gary v. Belovich,* 623 N.E.2d 1084, 1086 (Ind.Ct.App.1993). Based on the foregoing, we conclude that under Indiana law, a party who has paid a judgment that is reversed on appeal is entitled to interest on the erroneous judgment from the date the judgment was paid until the date of reimbursement.

■ Here, the doctrine of restitution requires that Bonnie return the benefit of the award together with interest. Because the trial court ordered Theodore to pay Bonnie's attorney fees in the amount that he had already advanced under the provisional order, the judgment was, in effect, paid on the same date it was entered, April 25, 1995.[4]

---

4. Although Theodore requests interest from the date the dissolution decree was entered, June 29, 1994, the decree specifically deferred consideration of attorney fees and litigation expenses pending further evidence and argument. The provisional order was not a final judgment. The order which we reversed was not entered until April 25, 1995. Unless otherwise provided by statute, interest on judgments for money runs from the date of judgment. *Irvine v. Irvine,* 685

The rule of law that applies when a judgment is reversed is well established. Theodore is entitled to reimbursement including interest. Otherwise, Theodore would not be made whole, and Bonnie would have enjoyed a windfall from the free use and benefit of the money paid as a result of the erroneous judgment.[5]

### C. *Attorney Fees in Dissolution Cases*

Bonnie also contends that Theodore is not entitled to interest because no "reported marital dissolution opinion has suggested that interest must be tacked on to a fee order which has been reversed on appeal." We cannot agree.

The determination whether Theodore is entitled to interest does not depend upon the type of case in which the judgment was reversed but rather on whether Theodore can be restored to the status quo ante without the payment of interest. Exactly 100 years after *Thompson*, our supreme court addressed the issue of restitution in the context of a dissolution proceeding where the trial court had ordered the husband to pay the wife's attorney fees. *P.B. v. T.D.*, 561 N.E.2d 749 (Ind.1990). The husband paid the fees to the wife's attorney, the trial court's judgment was reversed on appeal for lack of jurisdiction and the husband sought reimbursement. The court first held that the party seeking reimbursement need not bring a second action to collect what is due. *Id.* at 749. Although interest was not an issue in *P.B.*, the court, citing *Thompson*, concluded that when a party to an action pays a judgment that is later reversed on appeal, the party is entitled to restitution, and one who received any benefit from the judgment must make *as full restitution to*

*the claimant as the circumstances permit. Id.* at 751 (emphasis added).

In another dissolution case, this court has stated that when a party accepts the benefit of a dissolution decree that is reversed on appeal that party is "required to restore any benefits accepted, together with interest and/or damages." *Scheetz v. Scheetz*, 509 N.E.2d 840, 848 (Ind.Ct.App.1987). Here, Bonnie has accepted the benefit of the award of attorney fees, and that judgment was reversed on appeal. We can discern no reason why the erroneous judgment rule would not apply when an award is reversed in a dissolution proceeding.

### D. *Voluntary Payment*

Finally, Bonnie contends that the erroneous judgment rule does not apply because Theodore voluntarily paid her attorney fees according to their agreement and not as a result of the trial court's judgment. However, the record shows that Theodore was found in contempt for his failure to pay those fees which he had agreed to pay pending the trial court's determination. Although Theodore advanced Bonnie's attorney fees on a provisional basis, it was understood that the trial court would eventually determine in a final order whether and, if so, to what extent he would be responsible for them. It cannot be said that the payments advanced by Theodore were voluntary as they were paid according to the trial court's provisional order, subject to a final judgment.

### CONCLUSION

When a judgment is reversed on appeal, the party who paid the erroneous judgment is entitled to interest on the amount paid.

---

N.E.2d 67, 71 (Ind.Ct.App.1997); Ind Code § 24–4.6–1–101.

**5.** The common law rule was codified in 1984 at Indiana Code § 34–5–1–6. That statute adopted and incorporated the Trial Rules enacted by the legislature in 1969, including former Indiana Trial Rule 72(d), which provides in relevant part:

> A party who has paid, performed or been subjected to enforcement of the judgment or order shall be entitled to restitution if it is reversed or avoided and if judgment, in whole or in part, is entered in his favor. A party entitled to restitution may recover his damages *with*

> *interest.* . . . The right to restitution shall be determined by motion after the judgment is finally determined and after summons is served upon persons who are not parties thereto.

1969 Acts, ch. 191, Sec. 1, Rule 72(d) (emphasis added). In *Emley v. Indiana Dept. of State Revenue*, 536 N.E.2d 558, 560 (Ind.Ct.App.1989), we held that because neither the current appellate or trial rules govern the effect of such payment and former trial rule 72(d) is not incompatible with the current rules, that former trial rule 72(d) is still applicable.

Thus, we conclude that the trial court erred when it determined Theodore was not entitled to interest. We remand to the trial court to determine the amount of interest due from April 25, 1995, the date of judgment, which in this case was also the date the judgment was paid, through the date of reimbursement.

Reversed and remanded.

BAILEY and RILEY, JJ., concur.