**INDIANAPOLIS PUBLIC HOUSING AGENCY, Appellant,**

v.

**AEGEAN CONSTRUCTION SERVICES, INC.,**
**Appellee.**

No. 49A02–0101–CV–25.

Court of Appeals of Indiana.

Sept. 17, 2001.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Aegean Construction Services, Inc. ("Aegean") filed suit against the Indianapolis Public Housing Agency ("IPHA"), seeking payment of escrowed principal and interest. IPHA filed a counterclaim against Aegean, seeking liquidated damages for breach of contract. The trial court entered summary judgment in favor of Aegean on both its complaint and IPHA's counterclaim, and the court denied IPHA's motion for partial summary judgment. IPHA appeals those findings.

We affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

IPHA hired Aegean, a general contractor, to renovate the John Barton Apartments ("project"), which consist of 126 units in an eight-story building. Under the parties' contract, Aegean was to complete the project within 455 calendar days. IPHA issued a Notice to Proceed on January 17, 1995, so the project was to be completed by April 29, 1996. The parties subsequently agreed to postpone the date of completion until May 29, 1996. The contract allowed for liquidated damages based on the number of units per day that could not be occupied due to Aegean's failure to complete the work by the completion date.

The parties' contract also provided that IPHA would retain funds out of progress payments made to Aegean. Pursuant to a separate retainage agreement, IPHA was to place the retained funds into an escrow account. When the project was substantially completed, IPHA authorized the release of the funds held in the escrow account to Aegean with the exception of $61,603.00. A part of that sum represented the interest accrued throughout the life of the escrow account, which IPHA claimed as its own, and IPHA retained the remainder of that sum to pay for items on a punch list. Aegean filed suit against IPHA, seeking recovery of the entire balance in the escrow account. IPHA filed a counterclaim, seeking actual and liquidated damages for breach of contract. Aegean moved for summary judgment on its complaint and on IPHA's counterclaim, and IPHA moved for partial summary judgment on the issue of which party was entitled to the interest on the escrow account. The trial court entered summary judgment in favor of Aegean and denied IPHA's motion for partial summary judgment.

## DISCUSSION AND DECISION

### Standard of Review

■ Our analysis proceeds from the premise that summary judgment is a lethal weapon and that courts must be ever mindful of its aims and targets and beware of overkill in its use. *Rogier v. American Testing & Eng'g Corp.,* 734 N.E.2d 606, 613 (Ind.Ct.App.2000), *trans. denied.* Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. *Id.;* Ind. Trial Rule 56(C). When reviewing an entry of summary judgment, we stand in the shoes of the trial court. *Rogier,* 734 N.E.2d at 613. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Id.* All doubts as to a factual issue must be resolved in the nonmovant's favor. *Id.* A trial court's grant of summary judgment is "clothed with a presumption of validity," and the appellant has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* Nevertheless, we must carefully assess the trial court's decision to ensure the nonmovant was not improperly denied his day in court. *Id.* If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. *Ledbetter v. Ball Mem'l Hosp.,* 724 N.E.2d 1113, 1116 (Ind.Ct.App.2000), *trans. denied.*

### Issue One: Breach of Contract

■ IPHA first contends that the trial court erred when it entered summary judgment in favor of Aegean on IPHA's counterclaim. Specifically, IPHA maintains that questions of fact exist regarding whether Aegean completed the project in a timely and workmanlike manner and

whether IPHA is owed actual and liquidated damages. We must agree.

IPHA's designation of evidence in opposition to Aegean's motion for summary judgment consists of affidavits from IPHA employees Don Bievenour and Jeff Thompson, as well as the affidavit of Steven Jones, an employee of the Sherman R. Smoot Company of Indiana ("Smoot") and project engineer/manager on the project. Thompson stated in his affidavit[1] that "Aegean's poor workmanship delayed the completion of the Project and its occupancy." Appellant's App. at 230. Jones stated in his affidavit that "Aegean did not complete the project by May 29, 1996." Appellant's App. at 160. This evidence establishes questions of fact regarding whether Aegean completed the project in a timely and workmanlike manner.

In addition, Aegean's own designation of evidence establishes questions of fact regarding whether some of the project's units were not ready for occupancy on the date of completion due to Aegean's failure to timely complete its work on the project. Aegean designated the affidavit of M. Lee Lamb, Aegean's President, and attached an October 25, 1996, letter to Lamb from Edward Jagnandan of IPHA, in which Jagnandan stated that, as of that date, four units could not be occupied due to water damage. Aegean also designated IPHA's responses to interrogatories, including a response indicating "[t]he development was not completed as required under the contract. It was not ready for residential occupancy." Appellant's App. at 95.

We conclude that questions of fact exist regarding whether Aegean completed the project in a timely and workmanlike manner and whether IPHA is owed actual or liquidated damages under its contract with Aegean. Accordingly, the trial court erred when it entered summary judgment in favor of Aegean on IPHA's counterclaim. We reverse and remand to the trial court for further proceedings.[2]

### Issue Two: Retainage Agreement

■ IPHA contends that the trial court erred when it entered summary judgment in favor of Aegean on Aegean's complaint and denied IPHA's motion for partial summary judgment. Specifically, IPHA maintains that the parties' retainage agreement entitles IPHA to all of the interest accrued on the escrow account as a matter of law. Generally, construction of a written contract is a question of law for the trial court for which summary judgment is particularly appropriate. *Rogier*, 734 N.E.2d at 613. However, if the terms of a written contract are ambiguous,

---

1. Aegean moved to strike Thompson's affidavit, alleging that Thompson could not show that he had any personal knowledge to support his statements. The trial court denied that motion. On appeal, Aegean does not specifically challenge the trial court's denial of its motion to strike, but Aegean does suggest that this court "disregard" Thompson's "conclusory affidavit." Brief of Appellee at 26. A trial court has broad discretion in refusing to grant a motion to strike. *Rausch v. Reinhold*, 716 N.E.2d 993, 999 (Ind.Ct.App. 1999), *trans. denied*. The court's decision will not be reversed unless prejudicial error is clearly shown. *Id.* at 999–1000. Aegean has not shown prejudicial error here.

2. Aegean makes much of the fact that in its August, 1997, answers to interrogatories, IPHA stated that "At or around the time of answering these interrogatories, we have discovered that the remaining conditions precedent [to payment under the contract] have been completed." Appellant's App. at 92. According to Aegean, this answer constitutes an admission by IPHA that Aegean completed its work under the contract and should be paid in full. Aegean does not address, however, the fact that IPHA, in another interrogatory answer also designated as evidence, stated that "the job was not completed by the required date." Appellant's App. at 95.

it is the responsibility of the trier of fact to ascertain the facts necessary to construe the contract. *Id.* Consequently, whenever summary judgment is granted based upon the construction of a written contract, the trial court has either determined as a matter of law that the contract is not ambiguous or uncertain, or that the contract ambiguity, if one exists, can be resolved without the aid of a factual determination. *Id.*

Here, the parties' retainage agreement provides that interest on the escrow account "shall be held in the account." Appellant's App. at 151. The agreement also provides that the Escrow Agent "shall pay over the net sum held by it ... 1. to [IPHA] in any manner directed by [IPHA] ... 2. to [Aegean] upon satisfactory completion of the project and the written authorization of [IPHA]." Appellant's App. at 151–152. Citing to that provision, IPHA contends that it is entitled to "direct" that the interest be paid to itself. We cannot agree. Such an interpretation would mean that the "net sum" would be paid *both* as IPHA directs and to Aegean upon completion of the project. We find that provision ambiguous but conclude that the ambiguity can be resolved without the aid of a factual determination.

We note that the general purpose underlying retainage agreements is "to create a temporary fund to insure all the better the payment of claims against the work, and to enable better the owner, or the surety, in the event of necessity, to complete the undertaking." *Blade Corp. v. American Drywall, Inc.,* 400 N.E.2d 1183, 1186 (Ind. Ct.App.1980) (quoting *Hanson v. Liberty Const. Co.,* 172 La. 298, 134 So. 98, 99 (1931)). In other words, the money belongs to the general contractor but is retained as needed to ensure that the work is completed and that subcontractors are paid. Absent a retainage agreement, the payments would be made directly to the general contractor, who would have the immediate use and benefit of the money.

■ It is well settled that interest follows principal, or as the maxim has been often stated, "interest goes with the principal as the fruit with the tree." *Reese v. Reese,* 696 N.E.2d 460, 463 (Ind.Ct.App. 1998) (quoting *Northern Indiana Pub. Serv. Co. v. Citizens Action Coalition of Ind., Inc.,* 548 N.E.2d 153, 159 (Ind.1989)), *trans. denied.* In the absence of an express agreement to the contrary, this rule controls. Interest represents the time value of money. *Reese,* 696 N.E.2d at 463. Interest is compensation to a property owner for the loss of the use of his property. *Id.*

Here, the retainage withheld from progress payments owed to Aegean and placed in escrow was Aegean's property, subject to completion of the work. Accordingly, Aegean is entitled to the retainage on completed work and the interest attributable to it. If, for example, Aegean completed all the work as agreed, it would receive all the retainage and interest in the escrow account. Likewise, to the extent that IPHA prevails on its claim against the escrow account, IPHA would be entitled to that part of the retainage required to complete the work and the interest attributable to it. Because IPHA released all of the retainage in the escrow account to Aegean except for a small sum for punch list items, Aegean is entitled to the interest on the amount of retainage released.[3]

---

**3.** According to Aegean's interrogatory responses, IPHA delivered all of the principal held in escrow to Aegean, with the exception of $20,519.15. Appellant's App. at 65. As of February 17, 1998, the balance of the escrow account, including interest, was $63,698.00, which means that $43,178.85 of that sum was interest accrued over the life of the account,

Thus, the trial court did not err when it denied IPHA's motion for partial summary judgment.

 The trial court's entry of summary judgment in favor of Aegean, however, entailed more than just a determination that Aegean was entitled to the interest in the escrow account. In its complaint, Aegean sought recovery of the entire balance remaining in escrow, including principal and interest, based upon Indiana Code Section 36–1–12–14. That statute provides in relevant part that a contractor hired on a public works project "shall be paid in full, including all escrowed principal and escrowed income ... within sixty-one (61) days after the date of substantial completion[.]" *Id.* However, as IPHA points out, public housing authorities are not subject to the provisions of Indiana Code Section 36–1–12–14 if federal money is used to finance a housing project. *See* Ind.Code § 36–7–18–23(a). Because the designated evidence here establishes that the project was fully funded by the federal government, Indiana Code Section 36–1–12–14 does not apply, and the trial court erred when it entered summary judgment in favor of Aegean on its complaint.

## Conclusion

In sum, questions of fact exist regarding whether Aegean completed the project in a timely and workmanlike manner. Accordingly, we conclude the trial court erred when it entered summary judgment in favor of Aegean both on its complaint and on IPHA's counterclaim. The trial court did not err when it denied IPHA's motion for partial summary judgment. On remand, once factual determinations have been made whether Aegean breached the contract and, if so, whether IPHA incurred damages from the breach, then the trial

including interest on retainage IPHA delivered to Aegean. *Id.*

court can allocate the balance retained in the escrow account between the parties accordingly, including principal and the interest attributable to it.

Affirmed in part, reversed in part, and remanded for further proceedings.

DARDEN and BARNES, JJ., concur.