**INDIANA DEPARTMENT OF INSURANCE, and John J. Dillon, III, Commissioner of the Indiana Department of Insurance, Appellants,**

v.

**ZENITH RE–INSURANCE COMPANY, LTD., an Alien Corporation, Appellee.**

No. 49S02–9207–CV–560.

Supreme Court of Indiana.

July 20, 1992.

Linley E. Pearson, Atty. Gen., Terry G. Duga, Deputy Atty. Gen., for appellants.

Richard L. Darst, Robert A. Garelick, Thomas C. Kus, Mantel, Cohen, Garelick, Reiswerg & Fishman, Indianapolis, for appellee.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice.

In an opinion reported at 583 N.E.2d 201, the Court of Appeals reversed the trial court's granting of summary judgment to appellee and found as a matter of law applied to the undisputed facts in the case that the appellee in fact was doing business in Indiana and was subject to regulation by the Indiana Department of Insurance. We agree with the opinion written by Judge Rucker of the Court of Appeals and incorporate it by reference in its entirety in this opinion.

■ In its petition to transfer to this Court, the appellee alleges the Court of Appeals erred when it proceeded to decide the case upon reversing summary judgment. It is true that when summary judgment is reversed because there are undetermined facts to be presented to a trial court it is improper for an appellate court to presume to decide such facts and reach a conclusion. Under such circumstances, a remand to the trial court is the proper procedure.

■ However, as in the case at bar where the evidence is undisputed and there are no unresolved facts to be determined, it is proper for the appellate court to determine as a matter of law that summary judgment was rendered for the wrong party. Thus the question of law may be determined by the appellate court. *See Miller v. Mayberry* (1989), Ind., 546 N.E.2d 834; *Greater Clark County School Corporation, et al. v. Myers* (1986), Ind.App., 493 N.E.2d 1267 and *State v. Kokomo Tube Co.* (1981), Ind.App., 426 N.E.2d 1338. The Court of Appeals did not err in proceeding to decide the law applicable to the facts of this case.

■ Appellee claims the Court of Appeals erred in holding that a single contract of insurance constituted doing business in the State of Indiana. Appellee concedes that *Couch on Insurance 2d*, § 21.50 cited by them states that a single transaction may suffice to constitute doing business in a state "if it indicates an intent to transact a substantial amount of business therein." They claim that the evidence in this case does not indicate that appellee intended to transact a substantial amount of business.

However, as pointed out by appellants, although a single insurance policy is issued to ATA, ATA has approximately fifteen hundred members who use appellee's policy to furnish certificates to indicate coverage under the policy to the various trucking companies for whom they pull trailers.

Further, Judge Rucker points out in his opinion that the regulatory statute involved specifically points out that the singular includes the plural and the plural includes the singular. *See* Ind.Code § 27-1-2-3(h). He further points out that the stated purpose of the Unauthorized Insurers Act is to protect both the insureds and the insurers. Ind.Code § 27-4-5-1. The Court of Appeals did not err in holding that this so-called single insurance policy in fact did cover a considerable number of people.

Appellee also claims that appellants raised for the first time on appeal arguments not presented to the trial court. Appellee claims the appellants did not argue

to the trial court that the definition of the word "person" could be used to define the word "contracts." They also claim that appellants argue for the first time on appeal that the appellee's actions were a "scam" and that such was never alleged in the trial court.

As pointed out by appellants, the question concerning the application of Ind. Code § 27–4–5–2(b)(5) as to a single contract was an issue first raised by appellee in their brief in the Court of Appeals. If it in fact is error to inject such an issue on appeal, that error was invited by appellee. A party cannot complain of an error it has invited. *Nesses v. Specialty Connectors Co., Inc.* (1990), Ind.App., 564 N.E.2d 322; *Stolberg v. Stolberg* (1989), Ind.App., 538 N.E.2d 1. The Court of Appeals did not err in addressing this question.

As stated by the Court of Appeals, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with the opinion of the Court of Appeals and the opinion of this Court.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.