**SULLIVAN BUILDERS & DESIGN, INC. d/b/a Sullivan Builder & Developer, Joe Sullivan Homes, Inc. and Joseph Sullivan, Appellants–Defendants,**

v.

**HOME LUMBER OF NEW HAVEN, INC., Appellee–Plaintiff.**

No. 02A04–0403–CV–158.

Court of Appeals of Indiana.

Aug. 16, 2005.

Publication Ordered Sept. 9, 2005.

Charles E. Davis, Swift & Finlayson, Fort Wayne, for Appellants.

R. Brock Jordan, Jennifer E. Riley, Rubin & Levin, P.C., Indianapolis, for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellants–Defendants, Joe Sullivan Homes, Inc. (Sullivan Homes) and Joseph Sullivan (Sullivan) (collectively, the Sullivan Defendants) appeal the trial court's judgment in favor of Appellee–Plaintiff, Home Lumber of New Haven, Inc. (Home Lumber).

We affirm.[1]

---

1. Oral argument was held in our courtroom on July 12, 2005. We thank counsel for their

## ISSUES

The Sullivan Defendants raise seven issues on appeal, which we consolidate and restate as the following two issues:

1. Whether the trial court abused its discretion in granting Home Lumber's motion to amend the proposed pre-trial order and admitting Sullivan Homes' credit application and Sullivan's guaranty agreement into evidence; and

2. Whether the trial court's judgment in favor of Home Lumber is clearly erroneous.

## FACTS AND PROCEDURAL HISTORY

In May 2002, Home Lumber filed its Complaint on Account, Account Stated and Guaranty against the Sullivan Defendants. In August 2002, that case was consolidated for discovery and trial with another case previously initiated by Home Lumber against Sullivan Builders & Design, Inc. that was pending in the Allen County Circuit Court. After being continued from the original trial date, the trial on the consolidated cases was scheduled for October 15, 2003.

On September 30, 2003, the parties filed a proposed pre-trial order, which included proposed exhibits. Included in these exhibits was proposed Exhibit 3, described in the pre-trial order as "Exhibit # 3—Credit application of [Sullivan Homes] with [Home Lumber], including the guaranty of [Sullivan]. Defendants object to this exhibit." (Appellants' App. p. A–216). In fact, proposed Exhibit 3 consisted of portions of two documents, namely, the front side of a credit application executed by Sullivan in 1980 as sole proprietor of Joe Sullivan Homes and the back side of a different credit application and guaranty agreement for Sullivan Homes, executed by Sullivan in 1985.[2]

On October 13, 2003, two days before trial, Home Lumber filed its Motion to Amend Proposed Pre–Trial Order, requesting permission to amend the pre-trial order by replacing the erroneously-included first page of proposed Exhibit 3 with the front side of the 1985 Sullivan Homes credit application and guaranty agreement (substituted Exhibit 3) and by adding an additional exhibit, Exhibit 7, a copy of a letter Home Lumber sent to Sullivan in 1995. On that same date, Home Lumber also contacted the Sullivan Defendants to notify them of the motion and to inform them that Home Lumber would agree to a continuance in order to allow the Sullivan Defendants to conduct discovery related to substituted Exhibit 3 and Exhibit 7.

On October 15, 2003, the day of the trial, a pre-trial discussion was held concerning Home Lumber's Motion to Amend Proposed Pre–Trial Order. At the pre-trial proceedings, the Sullivan Defendants objected to Home Lumber's motion, arguing that they would be prejudiced if it were

---

commendable presentations, which assisted us in the determination of this case.

2. The guaranty agreement provides in relevant part:

> In consideration of the extension of credit granted by [Home Lumber], the undersigned does hereby unconditionally guaranty payment of whatever amount the Credit Applicant, named on the reverse side hereof, shall at any time be owing to on account of goods and materials hereafter delivered, furnished, or supplied .... This shall be an

open and continuing guaranty and shall continue notwithstanding any change in the form of such indebtedness, or renewals or extensions granted by the Companies, without obtaining any consent thereto, and until expressly revoked by written notice from me to you .... Thus guaranty shall be a continuing, absolute and unconditional guaranty and shall be enforced by Home Lumber ....

(Appellants' App. p. A–166).

granted. Home Lumber again offered to agree to a continuance of the trial and further offered to waive its claim to attorney fees if Sullivan Defendants would agree to amend the pre-trial order. Sullivan Defendants rejected Home Lumber's offer. The trial court advised that it would not rule on Home Lumber's Motion until after the trial but that, if all other conditions of admissibility were met, the trial court would admit substituted Exhibit 3 and Exhibit 7 conditionally, pending its ruling on the motion.

■ But when Home Lumber moved to admit Exhibit 7 at the trial, Sullivan Defendants objected on the basis of Home Lumber's failure to disclose Exhibit 7 in the proposed pre-trial order and lack of foundation, and the trial court appears to have sustained the objection.[3] Following the trial, the trial court issued its Court Findings and Orders (October 20 Order), granting Home Lumber's Motion in its entirety and explaining as follows:

> There was no evidence that the omission of [substituted Exhibit 3 and Exhibit 7] from attachments to the pre-trial order was intentional and the [c]ourt is convinced that the case was more fairly tried on the facts than would have been possible without these exhibits.[4]

(Appellants' App. p. A–23).

In the October 20 Order, the trial court also entered judgment in favor of Home Lumber and against the Sullivan Defendants.[5] With regard to Sullivan Homes' liability, the trial court found that "[f]rom June 11, 1996[,] through November 20, 1997, [Home Lumber] provided goods and materials to [Sullivan Homes] on accounts and account stated for which [Sullivan Homes] has not fully paid" and that the principal balance owed on said accounts at the time of trial was $116,886.50. (Appellants' App. p. A–22). As to Sullivan's liability, the trial court found that Sullivan "is liable to [Home Lumber] on his guaranty to the same extent and in the same amount as [Sullivan Homes] owes [Home Lumber] on its account." (Appellants' App. p. A–23).

On January 5, 2004, the Sullivan Defendants filed their Motion to Correct Error. On February 5, 2004, the trial court conducted a hearing on the motion, at the conclusion of which the trial court took the matter under advisement. On February 12, 2004, the trial court denied the Sullivan Defendants' Motion to Correct Error.

---

**3.** As discussed below, the trial court ultimately certified Home Lumber's Verified Statement of Evidence (together with the trial court's additions and modifications) as a full and accurate statement of the evidence from the October 15 trial. That Statement of Evidence includes the following: "[Home Lumber] moved to admit plaintiff's Exhibit '7.' [The Sullivan D]efendants' counsel objected on the basis of [Home Lumber's] failure to disclose plaintiff's Exhibit '7' on the Proposed Pre–Trial Order and on the basis of lack of foundation. The [c]ourt sustained [the Sullivan D]efendants' objection and [Home Lumber]'s Exhibit '7' was not admitted into evidence." (Appellants' App. pp. A–345–A–346). Thus, we find that the Sullivan Defendants have waived any possible objection to the exclusion of Exhibit 7, which was excluded from the evidence as a result of the Sullivan Defendants' objection. It is well established that a party cannot complain of an error it has invited. *Ind. Dep't of Ins. v. Zenith Re–Insurance Co., Ltd.*, 596 N.E.2d 228, 230 (Ind. 1992), *reh'g denied*

**4.** Despite this ruling on Home Lumber's Motion, both parties on appeal assert that Exhibit 7 was not admitted into evidence.

**5.** Sullivan Builders & Design, Inc. is listed as an appellant in the Notice of Appeal and in the caption of this cause; however, according to the appellants' brief, the judgment against Sullivan Builders & Design, Inc. is *not* being appealed. Therefore, we are reviewing only the judgments against Sullivan Homes and Sullivan.

The Sullivan Defendants filed their Notice of Appeal on March 12, 2004. Shortly thereafter, the court reporter advised that the compact disc containing the recording of the trial had been lost. The trial court ordered the parties to confer and attempt to establish a statement of evidence in accordance with Rules 31 and 33 of the Indiana Rules of Appellate Procedure.

On October 5, 2004, the Sullivan Defendants filed their Defendants' Motion to Certify Statement of Evidence and Proposed Statement of Evidence. On October 26, 2004, Home Lumber filed its Plaintiff's Verified Response to Defendants' Proposed Statement of Evidence, contending that the statement of evidence submitted by the Sullivan Defendants was "incomplete, argumentative and biased" and requesting that the trial court deny the Sullivan Defendants' Proposed Statement of Evidence and certify Home Lumber's attached Verified Statement of Evidence. (Appellants' App. p. A–291). On December 13, 2004, the parties filed a joint statement of evidence. On December 15, 2004, the trial court conducted a hearing on the joint statement.

On January 4, 2005, the trial court issued its Order or Judgment of the Court, denying the Sullivan Defendants' Motion to Certify Statement of Evidence and granting Home Lumber's request that the trial court certify Home Lumber's Statement of Evidence. In this Order, the trial court certified that Home Lumber's Verified Statement of Evidence, attached as Exhibit A, together with the additions and modifications of the trial court, attached as Exhibit B, in combination, constituted the evidence heard at trial on October 15, 2003.

The Sullivan Defendants now appeal. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Motion to Amend and Exhibit 3

The Sullivan Defendants contend first that the trial court abused its discretion in granting Home Lumber's Motion to Amend Pre–Trial Order and admitting substituted Exhibit 3, Sullivan Homes' credit application, into evidence.[6] In considering whether to permit a modification from the pre-trial order, the trial court considers both the danger of surprise or prejudice to the opponent and the goal of doing justice to the merits of the claim. *Daub v. Daub*, 629 N.E.2d 873, 875 (Ind. Ct.App.1994), *trans. denied.* The trial court may also consider the extent to which permitting a late amendment will disrupt an orderly and efficient trial of the case or of other cases in the court and whether there has been bad faith or willfulness in failing to comply with the court's existing order. *Id.*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Iqbal v. State*, 805 N.E.2d 401, 406 (Ind.Ct.App.2004). An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* Moreover, we will not reverse the trial court's admission of evidence absent a showing of prejudice. *Wilkinson v. Swafford*, 811 N.E.2d 374, 386 (Ind.Ct.App. 2004).

6. At the outset of their Argument, the Sullivan Defendants devote several paragraphs to challenging a number of alleged errors within the Statement of Evidence certified by the trial court pursuant to Rule 31 of the Indiana Rules of Appellate Procedure. However, because the Sullivan Defendants are not appealing the trial court's order of January 4, 2005, in which the trial court certified Home Lumber's Statement of Evidence, we must decline the Sullivan Defendants' invitation to involve ourselves in this issue.

The Sullivan Defendants now appear to contend specifically that the trial court abused its discretion in granting Home Lumber's motion and admitting substituted Exhibit 3 into evidence because (1) there was a lack of foundation for the admission of substituted Exhibit 3, and (2) Indiana Evidence Rule 803 prohibits the introduction of evidence that lacks sufficient trustworthiness and here the credit application was "altered or forged and was not reliable, as no witness could testify who signed, when it was signed or under what circumstance it was signed on the line for President of [Sullivan Homes]." (Appellants' Br. pp. 9, 12). However, the record establishes that the Sullivan Defendants did not object to the admission of substituted Exhibit 3 on either of these grounds at the trial. According to the Verified Statement of Evidence, the Sullivan Defendants instead objected to substituted Exhibit 3 "on the basis that it was not attached to the Proposed Pre–Trial Order." (Appellants' App. p. A–344). As we have previously held that a party may not raise one ground for objection at trial and argue a different ground on appeal, we find that the Sullivan Defendants have waived the issue for our review. *See Simmons v. State*, 714 N.E.2d 153, 155 (Ind. 1999).

## II. *Judgment*

The Sullivan Defendants next assert that the trial court clearly erred in entering judgment in favor of Home Lumber. In this case, the trial court entered findings of fact along with its judgment. When the trial court has entered findings of fact and conclusions of law, we apply the following two-tiered standard of review: whether the evidence supports the findings and whether the findings support the judgment. *Clark v. Crowe*, 778 N.E.2d 835, 839 (Ind.Ct.App.2002). The trial court's findings and conclusions will be set aside only if they are clearly erroneous, that is,

if the record contains no facts or inferences supporting them. *Id.* at 839–40. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* at 840. We neither reweigh the evidence nor assess the credibility of witnesses, but consider only the evidence most favorable to the judgment. *Id.* We review conclusions of law *de novo*. *Bass v. Bass*, 779 N.E.2d 582, 588 (Ind.Ct.App. 2002), *trans. denied.*

The Sullivan Defendants assert first that the four-year statute of limitations applicable to actions for payments from the sale of goods found in Indiana Code section 26–1–2–725—which provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued"—operates as a bar to Home Lumber's claims. In *Troyer v. Cowles Products Co., Inc.*, 732 N.E.2d 246, 247 (Ind.Ct.App.2000), *trans. denied,* this court distinguished between actions on accounts, which must be commenced within six years after the cause of action accrues, and accounts arising from the sale of goods, which must be commenced within four years after the cause of action has accrued. *See* Ind.Code § 34–11–2–7 (stating that there is a six year limitation on "[a]ctions on accounts and contracts not in writing."); Ind.Code § 26–1–2–725. As the *Troyer* court wrote,

> In this case, then, we have not just an account, but an account arising *from the sale of goods* .... Thus, Indiana Code chapter 26–1–2, applicable to "transactions in goods," is also implicated by the facts of this case.... The apparent conflict between [I.C. § 34–11–2–7 and I.C. § 26–1–2–725] has been resolved by the legislature's enactment of Indiana Code section 26–1–10–102, which states that "[t]o the extent that ... IC [§ ]34–11–2 prescribe[s] statutes of limitations incon-

sistent with IC [§ ]26–1–2–725, IC [§ ]26–1–2–725 prevails." *Id.* (emphasis in original). In this case, neither party disputes, and the trial court found, that the Sullivan Defendants' indebtedness arose out of the sale of "goods and materials." (Appellants' App. pp. A–22–A–23).

■ But Home Lumber contends that the statute of limitations argument fails for several reasons. Primarily, the Sullivan Defendants waived the argument by failing to raise it as an affirmative defense. Indiana Trial Rule 8 requires that defendants plead all affirmative defenses in their responsive pleadings, including statute of limitations. *See* Ind.Trial Rule 8(C). In this case, the Sullivan Defendants failed to raise the affirmative defense in their answer and did not move to amend their answer at any time.

Nonetheless, the Sullivan Defendants appear to argue that they have not waived their statute of limitations argument either because Home Lumber's attachment of an incomplete copy of the credit application to their complaint relieved the Sullivan Defendants of their obligation to raise the affirmative defense of statute of limitations in their responsive pleading or because the statute of limitations issue was tried by consent. The Sullivan Defendants cite no authority in support of the former contention. Home Lumber, however, asserts that the fact that the complete credit application was not attached to the complaint is wholly irrelevant to the Sullivan Defendants' obligation to plead the statute of limitations as an affirmative defense because the relevant dates for determining when the statute of limitations began to run are the dates the invoices became due, not the date a credit application was executed. *See Meisenhelder v. Zipp Express, Inc.*, 788 N.E.2d 924, 927–28 (Ind.Ct.App. 2003).

■ As to the assertion that the statute of limitations issue was tried by consent, we note that Indiana Trial Rule 15(B) provides as follows: "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." In support of their claim, the Sullivan Defendants now contend that Home Lumber introduced evidence concerning rebates that were applied to Sullivan Homes' account in an "attempt to toll the statutes." (Appellants' Br. 20). Specifically, the record reveals that the following testimony about rebates was elicited at trial from Home Lumber's Vice–President, John D. Korte (Korte):

. . .

38. In 1997, [Korte] and [Sullivan] had a conversation concerning [Sullivan Homes]' unpaid account with [Home Lumber].

39. During this conversation, [Sullivan] agreed to pay the balance owed on the [Sullivan Homes] account through rebates earned on Sullivan Builder[s] & Design, Inc.

. . .

[Korte] was then handed [Home Lumber]'s Exhibit "4" and [Korte] identified Exhibit "4" as a description of [Home Lumber]'s rebate program. Upon [Home Lumber]'s motion, Exhibit "4" was admitted into evidence. [Korte] testified that:

43. In order to be eligible for [Home Lumber]'s rebate program, a customer had to purchase a total of $30,000.00 or more between December 1st of one year and November 30th of the following year and would have to pay invoices by the tenth day of the month following the month of purchase.

44. Rebates were calculated by multiplying the percentage on the right hand column of Exhibit "4" by the applicable amount of purchases for that customer.

45. In addition to the account of [Sullivan Homes], [Sullivan] opened a second account with Home Lumber under the name of Sullivan Builders & Design, Inc. . . .

46. At the time the account for S[ullivan] B[uilders &] D[esign, Inc.] was opened, [Korte] had a discussion with [Sullivan] regarding the outstanding account of [Sullivan Homes].

47. During that conversation, [Korte] and [Sullivan] agreed that any rebates earned by S[ullivan] B[uilders &] D[esign, Inc.] would be applied as payments to the [Sullivan Homes] account.

. . .

[Korte] was then handed [Home Lumber]'s Exhibit "2." [Korte] further testified that:

60. [Home Lumber]'s Exhibit "2" shows the amount of rebates applied to the [Sullivan Homes] account.

. . .

71. The third rebate that was given by [Home Lumber] was given on December 29, 1999.

. . .

76. No further rebates were given by [Home Lumber] because S[ullivan] B[uilders &] D[esign, Inc.] failed to qualify for any further rebates due to its failure to pay its invoices by the tenth of the month following the month of purchase.

(Appellants' App. pp. 347–51). According to Home Lumber, the evidence concerning the rebates was introduced because it was necessary to establish the amount owed on the Sullivan Homes account. We reject the Sullivan Defendants' contention that the statute of limitations issue was tried by consent merely because Home Lumber introduced the evidence of rebates. Furthermore, we find the statute of limitations defense waived because the Sullivan Defendants failed to plead it as an affirmative defense. *See* Ind.Trial Rule 8(C).

As to Sullivan's liability as a personal guarantor, the Sullivan Defendants now claim first that "the facts established that there was no reliance upon any personal guaranty" because: Home Lumber extended credit to Sullivan Homes before the date of the guaranty; the indebtedness far exceeds the $5,000 "credit limit"; Sullivan testified that he did not intend to guarantee the debt; and so forth. (Appellants' Br. p. 14). In light of our standard of review, however, we may not reweigh this evidence. *See Clark*, 778 N.E.2d at 839. Instead, we look only to the evidence most favorable to the judgment in order to determine whether the judgment supports the findings and whether the findings support the judgment. *See id.* We will set aside the findings and the judgment only if they are clearly erroneous. *See id.*

■ The Sullivan Defendants also claim that Sullivan's guaranty was no longer in effect when the debt for which Home Lumber seeks payment arose because the parties had effected a novation by agreeing to new credit terms which did not include Sullivan's personal guaranty. The evidence cited in support of this contention includes testimony of a meeting that occurred in December 1995, at which the Sullivan Defendants' credit limit with Home Lumber was increased to $100,000, and the aforementioned Exhibit 7, to which the Sullivan Defendants successfully objected at trial.[7]

7. As discussed in footnote 2, there is some ambiguity as to whether Exhibit 7 was excluded from evidence. But if it was excluded, the Sullivan Defendants appear to have waived

In response, Home Lumber argues that there is no evidentiary support for the Sullivan Defendants' novation argument because the record is devoid of any evidence establishing that the parties intended to extinguish Sullivan's personal guaranty. "A novation is a new contract made with the intent to extinguish one already in existence ...." *SSD Control Technology v. Breakthrough Technologies, Inc.*, 685 N.E.2d 1136, 1137 (Ind.Ct.App. 1997) (quoting *Rose Acre Farms, Inc. v. Cone*, 492 N.E.2d 61, 68 (Ind.Ct.App.1986), *trans. denied*), *trans. denied*. Where a novation is found, it acts to extinguish any claims that existed under the original contract. *Id.* at 1137. A novation requires (1) a valid existing contract, (2) the agreement of all parties to a new contract, (3) a valid new contract, and (4) an extinguishment of the old contract in favor of the new one. *Id.* at 1138. Here, Home Lumber argues, there is no evidence from which to conclude that the parties even discussed Sullivan's guaranty at the 1995 meeting, let alone agreed to extinguish the guaranty. We agree with Home Lumber, finding the Sullivan Defendants' argument on the novation issue to be unavailing.

Ultimately, we conclude that the trial court's judgment in favor of Home Lumber is not clearly erroneous. *See Clark*, 778 N.E.2d at 840. Thus, we affirm the judgment.

## CONCLUSION

In light of the foregoing, we find that the Sullivan Defendants waived their objections to the admission of substituted Exhibit 3, and we find that the trial court's judgment in favor of Home Lumber was not clearly erroneous.

Affirmed.

SULLIVAN, J., and NAJAM, J., concur.

any possible objection to the exclusion. *See*

## ORDER

This Court having heretofore handed down its opinion in this appeal on August 16, 2005, marked Memorandum Decision, Not for Publication.

Comes now the Appellee, by counsel, and files herein Motion to Publish Memorandum Decision, alleging therein that this Court's decision clarifies Appellate Rule 31 and that the Appellee believes the Bar would benefit from the publication of this case.

The Court having examined said Motion to Publish, having reviewed its opinion in this case and being duly advised, now finds that the Appellee's Motion to Publish Memorandum Decision should be granted.

IT IS THEREFORE ORDERED that the Appellee's Motion to Publish Memorandum Decision is GRANTED, and this Court's opinion heretofore handed down in this cause in August 16, 2005, marked Memorandum Decision, Not for Publication, IS now ORDERED PUBLISHED.

All Panel Judges Concur.

*Ind. Dep't of Ins.*, 596 N.E.2d at 230.